## POPE & HAMNER v. HEADEN.

1. A party who sets up a title must furnish the evidence necessary to support it; and if the validity of a deed depends on an act *in pais*, the party claiming under it, is bound to prove the performance of that act.

2. To sustain the exercise of a naked power, not coupled with an interest, the law requires that every pre-requisite to the exercise of that power should precede it.

3. To sustain a sale of land for taxes, by the Marshal and Collector of Wetumpka, the party claiming under it, must show that every pre-requisite has been strictly performed.

ERROR to the Circuit Court of Autauga county.

POPE, for the plaintiff.
KENNEDY, for the defendant.

CLAY, J.—This was an action of trespass, brought by the plaintiffs against the defendant in the circuit court of Autauga county, to try the title to subdivision lot, number 35, of original lot 185, in the city of Wetumpka. To entitle them to a recovery, the plaintiffs in error, who were plaintiffs in the court below, relied on evidence of a title, as purchasers of the lot in question, at a sale of the same, made by the marshal and collector, for taxes due to the corporate authorities of the city of Wetumpka. The plaintiffs introduced evidence in the circuit court to shew that the lot sued for had been assessed, for a certain amount of tax, advertertised and sold by the marshal and collector, and that they were the purchasers. To this evidence the defendant demurred; the circuit court sustained the demurrer—and it is now assigned for error, that the court erred in sustaining said demurrer, and giving judgment for the defendant.

To determine this question, it is only necessary to recur to one or two well settled principles, and apply them to the facts. To sustain the exercise of a naked power, not coupled with an interest, the law requires that every pre-requisite to its exercise should precede it. The party who sets up a title must furnish the evidence necessary to support it; and if the validity of a deed depends on an act *in pais*, the party claiming under it is bound to prove

the performance of that act. This doctrine is clearly laid down in the case of Williams, *et al.* v. Peyton's lessee, [4 Wheaton, 77.] In that case, the plaintiffs in error relied on a deed from the Marshal U. S. for the District of Kentucky, as purchasers, under a sale for taxes; and the court held, that "in the case of lands sold for the non-payment of taxes, the marshal's deed is not even *prima facie* evidence, that the pre-requisites required by law, have been complied with; but the party, claiming under it, must shew positively that they been complied with." Pursuant to this principle, the court held, that it was not sufficient to rely on the recital in the marshal's deed, as proof that legal notice of the time and place of sale had been given; but that it was the duty of the purchaser to preserve the newspapers, and prove that publications of notice had been duly made.

Without going into an examination of all the evidence relied on by the plaintiffs, in the court below, it will be sufficient to enquire, what notice of the time and place of sale is required by the ordinance of the city of Wetumpka, introduced and relied on, as part of the evidence. The 5th section of that ordinance contains the following proviso: "*Provided*, that when a tax is assessed upon property, the owners of which are not known, ninety days notice of the sale, specifying the property and the taxes, shall be given in some newspaper, printed in said city."

The record shews that *the owner of the lot*, sought to be recovered, *was not known.* The object of the proviso, just recited was to give full notice to the unknown proprietor of the lot, of its intended sale, and to furnish him every facility for the voluntary payment of the tax, that he might thereby prevent the sacrifice of his interest, which might otherwise ensue. It appears by the evidence, that an advertisement of the sale of the lot, dated on the 1st day of November, 1839, and then handed to the publisher, was published in the Wetumpka Courier, a newspaper published in the city of Wetumpka, weekly, from the 6th day of November, 1839, (which was the first day of publication) until the 29th day January, 1840, and the sale took place on the 3d day of February, 1840. Between the *date* of the advertisement and the day of sale, there were more than ninety days—but between the first day of its *publication*, and the day of sale there were but *eighty-nine*, excluding the first, and including the last day. The clause of the ordinance, we have seen, required " *ninety days* notice of the

sale." Did the date of the advertisement, and the act of handing it to the publisher of the newspaper, on the *first* of November, amount to notice? We think, clearly not. Those acts gave no better assurance, that the sale of the property would become known to the proprietor, than if the time of sale had remained in the mind of the collector. The terms of the ordinance admonished all owners of property in the city, subject to taxation, to look to the newspapers, therein published, for notice of any such intended sale, and not to the publisher. Then, the notice required by the ordinance not having been given, the sale was illegal and void, and the plaintiffs acquired no title under it: consequently, the circuit court was correct in sustaining the demurrer to the evidence.

Let the judgment of the court below be affirmed.