## SCALES v. ALVIS

1. A sale of land for taxes cannot, under our statutes, be sustained where the delinquent, at the time of the distress, has goods and chattels within the county.
2. No personal property is exempt from levy and sale, when the object is the collection of delinquent taxes.
3. An advertisement of lands for the sale of taxes must be published three months, (in the case of resident delinquents,) and two irregular advertisements for that space of time, cannot be coupled together, so as to authorize the sale, although a verbal consent to this course is given by the delinquent.

Writ of Error to the Circuit Court of Talladega.

TRESPASS to try title by Scales against Alvis.

At the trial, the plaintiff made title to the land in contro-

versy, through a deed made by the collector of taxes of said county, under these circumstances, to wit : The land was patented to one Nicholas Scales, in August, 1837, and with other lands and personal property of said Nicholas was assessed for his taxes in 1842. During which year said Nicholas had in his possession sufficient personal property to pay the taxes thus assessed, but refused to pay them to the tax collector. In the latter part of the year 1842, the tax collector called on the said Nicholas for his taxes, who then, as before, refused to pay, but gave the land in controversy, by number and description, to the tax collector for payment. During this year, the tax collector could have made the amount of taxes assessed, by selling personal property belonging to said Nicholas. On the 4th of January, 1843, the tax collector advertised the property in controversy, in a newspaper published in said county, to be sold for the taxes assessed against said Nicholas, on the 1st Monday of February then next. The tax collector having ascertained this notice to be too short, did not sell the land at the day fixed, but in the first publication made after that time, changed the time of sale in the advertisement, and fixed it for the first Monday of April then next, at which time it was sold to the plaintiff, who received a deed from the tax collector. The said Nicholas was personally notified by the tax collector, of the different times fixed for the sale of the land, and consented to it. It was in proof, that in the latter part of the year 1842, the only property in possession of said Nicholas was a yoke of oxen, which he claimed was exempt from execution under the statute.

On this state of proof, the court charged the jury—

1. That under the statutes, personal property should be sold for taxes before real estate is liable. 2. That no property is exempt from being sold for taxes. 3. That the two notices of the times of sale was not a sufficient compliance with the statutes.

The plaintiff asked the court to charge, that if said Nicholas had personal knowledge of the time fixed for the sale of the land, and consented thereto, and gave the same in to the tax collector, for sale, to pay the taxes assessed, then they should find for the plaintiff under the other facts stated.

This was refused, and the plaintiff having excepted, the charges given, as well as the refusal to give that requested, are now assigned as error.

J. T. Morgan, for the plaintiff in error.

Parsons, contra.

GOLDTHWAITE, J.—1. The revision of the statutes prescribing the manner of selling lands upon which the taxes have not been paid, is greatly to be desired, inasmuch as the numerous alterations at different periods have so perplexed the system, that it is quite difficult to ascertain what course is proper, and the result is, that the purchaser, instead of securing the land, or even a safe investment for the money expended, finds himself involved in an expensive litigation, almost always productive of no other end than that of vexation to himself and to the land owner. It certainly deserves consideration from the proper department of the government, whether it would not be better to facilitate the recovery of the land by the purchaser, and allowing the owner a longer time for redemption. With these preliminary remarks, we proceed to the examination of the questions presented by this record.

It may perhaps be stated, as the general rule pertaining to sales of this description, to which no exception has come within our notice, that every prerequisite of the statute directing the sale, must be substantially complied with, or the sale will be illegal. [Lyon, et al. v. Hunt, et al. 11 Ala. Rep. 295; Rackendorf v. Taylor, 4 Peters, 340; Williams v. Payton, 4 Wheat, 77; 5 Hayw. 90; Davis v. Sims, 4 Bibb, 465; Holt v. Hemphill, 3 Ohio, 232; Birch v. Fisher, 13 S. & R. 208; Bush v. Davidson, 16 Wend. 550; Cook v. Sheppard, 7 Cowen, 88; 14 Mass. 177.] Now, when the statute is looked at, it will be seen to contain this provision: "All lists of taxes shall be considered as having the force and effect of an execution; and it shall be lawful, from and after the first day of September, to proceed and make distress and sale of the goods and chattels, lands and tenements, of all persons in arrear for taxes; *provided*, that notice of such sale shall have been given, by advertisement at the court house of the pro-

per county, and at least two other public places within the county, at least ten days previous to the day of sale, where the distress shall be of goods and chattels; *and where the delinquent has no goods and chattels within the county, then the lands and tenements of said delinquent may be sold* by the collector, or so much, &c. *Provided,* That the collector shall have given, in the nearest newspaper published within the State, at least three months notice, and in case of non-residents, at least six months notice, of the time and place of sale, which notice shall contain," &c. [Dig. 566, § 50.] It will thus be seen, the power of the collector to sell lands is limited to those cases where the delinquent *has no goods or chattels within the county.* There is no provision made for cases where the collector is unable to find, or the delinquent unwilling to surrender goods. The power exists only where there are no goods, and conforming to the principle of the many cases on this subject, we are constrained to declare, that as there was personal property of the delinquent within his county, the collector had no discretion to sell the land. [Cook v. Sheppard, 7 Cowen, 88.]

2. The fact that the property then possessed by the delinquent was exempt by law from being sold under ordinary executions, does not, in our opinion, prevent the operation of the general tax law. It is impossible, we think, by any proper construction of the statute which exempts certain property from execution, to consider the exemption as extended to the case of defaults for taxes. Without resting our opinion upon this point, on the principle that the State is not bound by a statute unless named in it, we think it clear the one referred to was not intended to create an exemption, when the revenue of the State is to be collected.

3. The only other point in the charges given, is covered by the precise terms of the statute. Neither of the advertisements covered the space of three months, and the supposed consent of the delinquent to the amendment, by extending the time after it had received one months' irregular publication, cannot invest the collector with the authority to sell. That, as will be seen by the cases already referred to, must be derived from a strict compliance with the statute. [See

also Haughey v. Harrell, 2 Ohio, 231 ; Jackson v. Esly, 7 Wend. 146.]

The charges which the plaintiff requested are sufficiently considered in what has already been said. Our conclusion is, that the record presents no error.

Judgment affirmed.