## ELLIOT *vs.* DOE Ex Dem. EDDINS.

1. Where lands are sold for taxes under the act of 1848 (Pamphlet Acts 1847-8, p. 21), the omission to observe all the requisitions of the statute, as to the advertisement &c., is fatal to the purchaser's title, although his deed may contain all the recitals enumerated in the sixty-seventh section of the act.

APPEAL from the Circuit Court of Tuskaloosa.

Tried before the Hon. TURNER REAVIS.

EJECTMENT for the west half of the north-west quarter of section seventeen, in township twenty-three, range four, east. The facts sufficiently appear in the opinion.

Elliott v. Doe ex dem. Eddins.

E. W. Peck, for the appellant.

Ormond & Nicolson, *contra.*

GOLDTHWAITE, J.—The lessor of the plaintiff below deduced his title from the patentee of the land, by deed duly executed on the 15th October, 1850 ; and there is nothing in the record to show that this deed was void by reason of the adverse possession of Elliott at the time of its execution. The only question, therefore, is as to the validity of the tax title, which the defendant relied upon in the court below. This title rests upon the act of 6th March, 1848, which requires, amongst other things, that the lands on which taxes are not paid shall be advertised at the court-house door of the county in which the lands lie, as well as in a newspaper ; and that the advertisement should show not only the amount of taxes due, but all expenses, including the costs of advertising.—Acts 1847, p. 21. Neither of these requisitions was complied with in this case, and under our decisions, the omission was fatal.—Pope v. Headon, 5 Ala. 433 ; Lyon v. Hunt, 11 Ala. 295 ; Scales v. Alvis, 12 Ala. 617.

It has been insisted by the counsel for the defendant in error, that, as the deed made by the tax collector contains the recitals mentioned in the 67th section of the act, it takes the case out of the rules usually applicable to this class of cases. It is true, the section referred to says, that the deed with these recitals shall convey all the title of the owner, legal or equitable ; but we are inclined to think, that inasmuch as the statute requires the deed to contain these recitals, the true meaning is, that, in addition to the other requisites, a deed containing these recitals is necessary ; it may have been the intention of the Legislature, to make the deed *prima facie* evidence of the facts contained in the recitals. However this may be, it is unnecessary to decide upon the present record, as we cannot suppose that it could have been the intention of the Legislature to divest the title of the owner, when none of the conditions of the statute had been complied with, except the making of the deed.

Judgment affirmed.