JOHN B. THURSTON *vs.* CHARLES D. MILLER.

Under the provisions of the statute (Rev. Stat. chap. 40, § 11), requiring a ·collector of taxes before selling an estate for non-payment of taxes to advertise the sale for three weeks in some newspaper printed in the town, *held*, that publication of notice of such sale in a daily newspaper printed in said town, on Monday and Thursday of each week for three successive weeks, was a compliance with the terms of the statute.

Parol evidence that a collector of taxes made a return of his proceedings into the city clerk's office ten days after sale of an estate for taxes, as required by chap. 40, § 15, of the Revised Statutes, *held* admissible.

Where a party claimed title under a deed made by a collector of taxes, *it was held* that the return so required need not be a return of all the proceedings of the collector; and where a collector of taxes omitted to state in his return the fact of the advertisement or notice required by the statute, or the amount for which it was sold, or that it was sold to the highest bidder and to the plaintiff, *it was held* that the omission in the collector's return did not invalidate the deed, *provided* the party so claiming should prove in some way that the collector had done every act required of him by the statute which was necessary to give him authority to convey the estate.

Where an estate was owned by several heirs, and a collector of taxes levied upon the entire estate and advertised it for sale for non-payment of taxes, and gave notice of the levy as required by Rev. Stat. chap. 40, § 12, to only one of the heirs, *it was held*, that the sale was void for want of notice to the other heirs. *Semble*, that had the collector levied only on the interest of the heir who was notified, and advertised his interest for sale, the sale would have been good.

EJECTMENT, brought to recover a certain parcel of land, with improvements thereon, situated in the city of Providence. The plaintiff, claiming a tax title under an alleged sale by the city treasurer, in 1870, entered his suit at the December Term, 1871, of the Court of Common Pleas for this county, and, on general issue joined, submitted to judgment in favor of the defendant,

and took an appeal to this court, where, a jury trial having been waived, the case was submitted to the court both in fact and law.

At the hearing a copy of the returns of sales of real estate for taxes made by the city treasurer was put in evidence, the material parts of which, so far as the defendant was concerned, being as follows : —

"Sale of Estates at Auction by the City Treasurer of The City of Providence, August 4, 1870.

· "*Collector's Sale of Estates for Taxes Due and Unpaid.*

"City Treasurer's Office, Providence, *July* 11, 1870.

"The undersigned, city treasurer of the city of Providence, hereby gives notice that he will sell at public auction, to the highest bidder, at the office of Francis J. Sheldon, No. 36 North Main Street, in said city, on Thursday, August 4, 1870, at ten o'clock A. M.,—

"The following described parcels of real estate (of the levy upon which notice is hereby given), or so much thereof as may be necessary to pay the taxes assessed thereon, for the years 1868 and 1869, and due at the date hereof, with interest, costs, and expenses. For a more particular description of said estates, reference is made to the assessors' plats in the office of the board of assessors, of said city :

"The following is a correct account of the sales at auction of certain real estate for the payment of taxes due the city of Providence, on account of the tax ordered by the city council, July 14, 1869.

"The conditions of the sale were cash on the delivery of the deed.

"The person accepting the smallest portion of the estate sold was considered the highest bidder.

. . . . . . . . . . . .

Estate taxed to William Miller heirs, plat 32, lot 59.

| | |
|---|---|
| Tax . . . . . . . . . . . . | $24.40 |
| Interest to August 4 . . . . . . . . . . | 2.11 |
| Examination, Levy, Advertising, and Notice . . . . . | 2.90 |
| Deed and Acknowledgment . . . . . . . . | 3.25 |
| ⅕ per cent. United States and state, and 2½ per cent. to auctioneer | 83 |

Amount of Tax, Interest, Cost, and Expenses . . . . $33.49

Sold the whole of the estate to John B. Thurston; notified Wm. Miller heirs.

. . . . . . . . . . . .

"I hereby certify that the aforewritten are true, and full proceedings, and records, of the estates and parts of estates sold by me at auction August 4, 1870, for the payment of taxes assessed in the city of Providence for the year 1869, and of the time and place of such sale, the

amount of interest, and expenses in each case, of the persons notified, of the persons who purchased the same, and the prices at which the same were sold.

"PROVIDENCE, *Aug.* 4, 1870. BENJAMIN TRIPP, *City Treas.*
"Subscribed and sworn to before me, SAMUEL W. BROWN, *Pub. Not.*"

The other material facts of the case are stated in the opinion of the court.

*Van Slyck & Parkhurst*, for plaintiff.

*W. H. Greene*, for the defendant, contended that the city treasurer did not conform to the law so as to divest the defendant's title to the real estate pretendedly sold for taxes. 1st. Because he did not give three weeks' notice of the levy, and of the time and place of sale of said estate, in the "Providence Daily Journal," as recited in his tax deed to the plaintiff. Rev. Stat. chap. 40, § 2; Blackwell on Tax Titles, 215, 220, 221, 251, 262; Sedgwick on Stat. & Constitut. Law, 355. 2d. Because he did not give notice of the levy, and of the time and place of sale of said estate to the persons to whom the same was taxed, twenty days previous to the day of sale. Rev. Stat. chap. 40, § 12; Blackwell on Tax Titles, 267, 276, 364, 365, 392–395, 439–441, 493, 494; Plowden's Com. 113; *Wallace* v. *McComb*, 1 Hill, 111; *Sharpe* v. *Johnson*, 4 Hill, 99; *Atkins* v. *Kennan*, 20 Wend. 249; *Keene* v. *Houghton*, 19 Maine, 368; 4 Cruise Dig. title 32, chap. 13, § 2; *Young* v. *Keough*, 11 Ill. 642; *Young* v. *Dowling*, 15 Ill. 481; *Dunn* v. *Games*, 1 McLean, 321; *Overing* v. *Foot*, 43 N. Y. 290; *Clarke* v. *Strickland et al.* 2 Curt. C. C. 439; *Legree* v. *Thomas*, 3 Blatchf. C. C. 12; *Roukendorff* v. *Taylor*, 4 Pet. 349. 3d. Because the officer failed to make a return of his proceedings under oath into the town clerk's office, within ten days after the sale. Rev. Stat. chap. 40, § 15; *Richardson* v. *Dorr*, 5 Vt. 9; *Giddings* v. *Smith*, 15 Vt. 357; *Mead* v. *Mallet*, 1 D. Chip. 239; *Taylor* v. *French*, 19 Vt. 49; *Lane* v. *James*, 25 Vt. 481. 4th. Because the return of the collector was so defective that no title whatever could pass to the purchaser at the tax sale. Blackwell on Tax Titles, 183, 213, 214, 238, 239, 277, 304–312, 455, 456; *Proprietors of Cardigan* v. *Page*, 6 N. H. 182; *Bean* v. *Thompson*, 19 N. H. 290; *Lane* v. *James*, 25 Vt. 485; *Moore* v. *Brown*, 4 McLean, 211.

BRAYTON, C. J. This is an action of ejectment, brought by

the plaintiff Thurston, to recover possession of a lot of land in the city of Providence, described in the declaration as Lot No. 59 on plat 32 of the plats made for the use of the assessors in said city, in their office on file, to which the plaintiff claims title. Miller, the defendant, has pleaded to the action not guilty, in which the plaintiff joins issue. The jury trial was waived, and the case submitted to the court as well upon the facts as the law. Upon the trial, the plaintiff claimed title by deed from Benjamin Tripp, city treasurer of the city of Providence, and under a sale by him as collector of taxes of said city, for a tax assessed upon this estate which remained unpaid. He submitted the deed duly executed by said Tripp in his said capacity, which recites the proceedings of the city and of the assessors in the assessment of the tax, that the estate was taxed to William Miller's heirs, and also the proceedings of the said Tripp in the sale of said premises.

The validity of the assessment was not questioned. It was not denied that the estate was properly assessed to William Miller's heirs, he being the owner of the estate at the time of his decease, and the estate never having been divided among his heirs. It appeared in evidence that William Miller, at his decease, left eight children, his heirs, seven of whom were living at the time of this assessment, and one was deceased, leaving two infant children his heirs. Of these heirs, the defendant in this action was one. The objection to the plaintiff's title was, that the collector had not complied with the statute provisions in relation to sales for taxes, which alone authorized him to make sale of the premises.

The deed recites the proceedings of the collector; that he gave notice for three weeks in the "Providence Daily Journal," that the estate described in the deed would be sold at public auction at the office of Francis J. Sheldon, No. 36 North Main Street, in said city, on the 4th day of August, 1870, at ten o'clock A. M., or so much thereof as would pay said tax, interest, and costs and expenses, amounting to $33\frac{49}{100}$. That he caused notice of the levy, and time and place of sale, to issue to said William Miller's heirs, upon whom said notice was duly served twenty-one days previous to said day of sale. That at said sale at public auction at the time and place, said Thurston, being the high-

est bidder, purchased the estate for the said sum of thirty-three dollars and forty-nine cents, and he acknowledged the receipt of that amount from him. It was objected that the collector did not publish the notice of sale for three weeks in any newspaper. The collector was required by sec. 11, chap. 40, of the Revised Statutes, before selling, to advertise the sale for three weeks in some newspaper printed in the city of Providence. What the collector actually did was to cause the advertisement to be inserted in the " Providence Daily Journal " on Monday and Thursday of each week, for three successive weeks, giving notice of the intended sale, and it is objected that this is not sufficient, and in order to comply with the statute it should have been inserted in every issue of the paper.

Had the sale been advertised in every issue of a paper published only on Monday and Thursday, it would have been beyond question all that was required, a publication for the period of three weeks. If published continuously on those days for three full weeks, is it less a compliance ? It cannot be said, under those circumstances, that notice was discontinued or withdrawn, and if it were a continued notice, the time was sufficient. The court in Maryland held such a notice a compliance with such a requirement. *Johnson* v. *Dorsey*, 7 Gill, 286.

In the case of *Delogny* v. *Smith*, 3 La. 417, the publication was not continued. It was discontinued for one month of the three, and not brought down to the day of sale. In the other case of *Scales* v. *Alvis*, 12 Ala. 617, the notice of sale on February 1st was advertised for one month and afterwards for two months, a notice of a sale on the 1st of April, it being required to give three months' notice, and neither notice having been continued three months.

The statute (Rev. Stat. chap. 40, § 15) requires the collector, in all cases of sales of real estate, to make a return of all his proceedings under oath into the city clerk's office, within ten days after the sale. It is objected that no return was made within the ten days. The collector did make a return of his proceeding in relation to the sale of this estate. It did not appear from the return itself when it was made, nor was there any indorsement of the clerk when it was received. Parol evidence was offered to show when it was in fact made, and although objected

to was received, since it did not prove anything which by the statute was required to be in writing, or contradict or vary anything in the writing. It appeared that the return was made within the ten days after the sale. This return did not state all the proceedings of the collector. He omitted to state in his return that the sale was advertised in any newspaper, nor did it state that any notice was left at the last place of abode of the person to whom the estate was taxed.

There is another matter said to be omitted which appears substantially in the return, viz., the amount for which the estate was sold, and that it was sold to the highest bidder and sold to the plaintiff.

It is insisted that for these defects in the return, the sale is void, and that to render the deed valid, the return must not only be made within the ten days, but must be a return of *all* the proceedings of the collector down to the time of making the sale; and we have been referred to several cases in other states holding that without a return of all a collector's proceedings within the time prescribed by their statutes the collector's deed will be void. These cases are decided under their statutes, which vary essentially from the provisions which we are considering. These statutes require a return of the collector's proceedings within thirty days, and the right to redeem by the owner is limited from that day. On the expiration of the time limited, the collector is to make a certificate of such estate as is unredeemed, and until all these things are done, he cannot make his deed. The first return is for the purpose of redemption, which must be from the collector, and cannot be after the execution of the deed. The redemption here is from the purchaser, and not from the collector. The deed may be made at any time after the sale, and before the time limited for the collector's return.

We do not think it was necessary to the validity of the deed that these things should appear in the city clerk's office before the execution of the deed, or that the neglect to make a full return afterwards was intended to relate back and defeat the deed already made. Though such return by the collector is by the statute made *primâ facie* evidence of the matter returned, it is not the only evidence. The recitals in the deed are also *primâ facie* evidence of the matter recited therein, as to his proceedings.

This does not release the plaintiff from the necessity of proving in some way that the collector has done every act required of him by the statute which is necessary to give him authority to convey the estate.

By sec. 12, of chap. 40, of the Revised Statutes, it is made the duty of the collector, if the persons taxed be residents of the state, to cause notice of the levy and of the time and place of sale to be left at their last and usual place of abode at least twenty days previous to the day of sale. Neither does the return made by the collector into the clerk's office, nor the deed, state that notice was given them in this mode, or that any copy was left at their dwellings.

That such notice was left remained to be proved by the plaintiff, the papers not furnishing *primâ facie* proof. Upon the evidence adduced it appeared that the person to whom the notices of the levy and of the time and place of sale were given to be by him left at the place of abode of the heirs, made many inquiries without success, but was finally told that at a house pointed out to him an heir resided; that he went to the house, but he cannot say where it was, and there left a notice with a female whom he did not know personally or by name, and does not now know, or the name of the person who resided there. This was the only notice which he left anywhere for any heir.

Charles D. Miller, the defendant, one of the heirs, testifies that he was told by his daughter that some notice had been left at the house; what, she did not state, nor did he see or know what it was; and when he called for it to see what it was, was told that it was lost; that no notice was left to his knowledge. We are of opinion that the notice left by Potter with a female was the notice which the daughter received of Potter, and that Charles D. Miller was duly served. There were six other adult heirs, each of whom testifies that no notice was left at his or her place of abode. There were two other infant children of another son of William Miller, who had deceased before this assessment. Of all this number the defendant was the only heir at whose dwelling a notice was left.

The collector had no authority to sell the share of any one of the heirs not thus notified, and as to their shares the plaintiff has failed to establish his title.

As to the interest of the defendant, there may be more question. Had the collector levied on his interest only and advertised for sale that interest only, having given him the notice of said sale, it might have been warranted and the sale good.

The proceeding is not against him only or against his estate only. The levy is upon the whole estate and upon all the interest of every heir. The sale advertised by this collector is of the whole estate, the interest of all the heirs. The notice left with the defendant is that the whole will be sold together.

Had he, under this notice, put up for sale the interest of the defendant only, it would not have been warranted by advertisement published or by the notice served, and the defendant might well have set up such objection.

That the collector put up for sale the interest also of the other heirs who have not received such notice, when he had no authority to sell the interest of any one of them, does not cure the defect. He had not authority to put up for sale or to sell those shares. It was not in his power to sell according to the notice which he had given, and the whole is void.

The plaintiff having failed to establish his title against the defendant, *Judgment must be for the defendant for his costs.*