# Clarke v. Rowan et als.

### Real action in the Nature of Ejectment.

1. *Tax sale under revenue law of 1852; what necessary to uphold.*—Under the Code of 1852, which governs a sale of lands for taxes in 1863, a tax collector's deed is invalid and passes no title, unless every substantial prerequisite of the law was strictly complied with; and proof of such compliance devolves on him who claims under the deed.

2. *Same.* It is essential to the validity of such a deed that the lands should have been advertised for the time prescribed, posted as required; that the advertisement should state the amount of taxes and costs; and where the land was other than town lots, that it be sold in subdivisions of not more than forty acres. A disregard of any of these requirements renders the sale void.

3. *Same; to what revenue law of 1868 applies.*—The provisions of the revenue law of 1868 have no application to tax sales made before its passage.

APPEAL from Circuit Court of Mobile.
Tried before Hon. JOHN ELLIOTT.
The facts are fully stated in the opinion.

POSEY & TOMPKINS, for appellant.

CUTHBERT & TAYLOR, contra.

JUDGE, J.—This was an action by the appellees against the appellant for the recovery of a tract of land, situated in the county of Mobile. The title of the appellees is founded on a sale of the premises in controversy made by the tax collector in 1863, for the payment of taxes assessed in 1861. The validity of this title depends on the statutes, Code of

[Clarke v. Rowan.]

1852, part 1, title 7, chapter 3, article 12, which required, amongst other things, that if goods or chattels of the person to whom taxes were assessed could not be found in the county in which they were assessed, to pay the taxes due, with the costs and expenses thereon, the collector should proceed to sell the real estate assessed to such persons, as follows : 1st, he must advertise such real estate in some newspaper published in the county (if there was one) for eight successive weeks, and for the same length of time before such sale post a notice thereof at the court house door of the county; 2d, the advertisement must contain a concise description of the lands assessed, the name of the person to whom assessed; the amount of taxes due, and all costs, including the costs of advertisement; 3d, in the sale of other than town lots, the sale must be by subdivisions of not more than forty acres.

It is a firmly established principle, that in an *ex parte* proceeding, as a sale of land for taxes under a special authority, great strictness is required. To divest an individual of his property against his consent, every substantial requisite of the law must be complied with. No presumption can be raised in behalf of a collector who sells real estate for taxes, to cure any radical defect in his proceedings ; and the proof of regularity devolves upon the person who claims under the collector's sale. *Pope* v. *Headen,* 5 Ala. 433 ; *Lyon* v. *Hunt.* 11 Ala. 295 ; *Scales* v. *Alvis,* 12 Ala. 617 ; *Elliott* v. *Eddins,* 24 Ala. 508 ; *Parker* v. *Burgen.* 20 Ala. 251. Tested by this principle, the sale under which the appellees deduced title was not valid. It is not shown to have been advertised in a newspaper published in the county for eight successive weeks. The advertisement proved was from May 19th to July 7th, a period of only seven weeks. It was not shown that notice of the sale was posted at the court house door, as required by the statute, nor does it appear the advertisement states the amount of the taxes, or of the costs including the costs of advertisement. These ommissions are fatal to the validity of the sale, under the decisions to which we have referred.

The statute expressly required real estate, other than town lots, should be sold by subdivisions of not more than forty acres. Sale was made of a tract of land containing more than seventeen hundred acres, lying in different sections, described according to the government surveys, by eighty, one hundred and sixty, and three hundred and twenty acre parcels, without any effort to comply with the statutory requisition. The purpose of the statute was to collect taxes by

26

[Reid *v.* The State.]

a sale of as small a quantity as possible of the real estate of the person against whom they were assessed, observing the lowest in quantity of the legal subdivisions of sections. The statute must be obeyed, and a sale in open violation of its terms cannot be supported. Blackwell on Tax Titles, 335–345.

The act of 1868 (Pamph. Acts, 1868, p. 324, § 87), declaring the deed of the collector evidence that the requisitions of the law had been complied with, refers only to sales and deeds made under that law, and not to antecedent sales or conveyances.

It is unnecessary to notice the several exceptions and assignments of error, as what has been said will probably be decisive of the cause. The rulings of the circuit court were not in conformity to these views, and the judgment must be reversed and the cause remanded.