# Milner & Co. v. Clarke.

*Real action in nature of Ejectment.*

1. *Tax sale; when void.*—Under the revenue law of 1868, the tax-collector had no authority to sell lands for non-payment of taxes, until after advertisement showing, among other things, the name of the owner when known, &c.; and where lands were given in for assessment and assessed against the true owner, an advertisement describing them as belonging to an entirely different person, confers no authority to sell, and the purchaser at such sale does not acquire title.

APPEAL from Montgomery Circuit Court.

Tried before Hon. JAMES Q. SMITH.

This was a statutory real action brought by the appellants, Milner & Co., against the appellee, H. W. Clarke, to recover a certain lot in the city of Montgomery.

The appellants deduced title by regular conveyances from Charles T. Pollard, whose title was not disputed, and the

appellee defended on tax deeds to the premises made under sale for the taxes of 1870 and 1871. The lands in controversy were shown to be situated in beat four of Montgomery county. They were assessed in each year to W. J. Bean, but they were described in the assessment as being in beat five. The advertisement for the sale for the taxes of 1870, described them as being in beat five, but did not state to whom they were taxed. The advertisement of the sale for the taxes of 1871 omits to state in what beat they were situated, and states that they were assessed to B. B. Ragan. The defendant introduced deeds to lot made by the probate judge to him under the tax sales for each of these years.

The court charged the jury that if they believed the evidence they must find for the defendant. This charge was excepted to, and is now assigned as error.

H. A. HERBERT, and W. R. C. COCKE, for appellant.

DAVID CLOPTON, *contra*.

BRICKELL, C. J.—There are numerous errors assigned on the rulings of the Circuit Court in the admission of evidence against the objection of the appellants, we do not deem it of importance to consider. The real controversy is as to the validity of the sales of the premises in dispute, for the payment of taxes, under which the appellee deduces title. If these sales are invalid, it can not be denied that the appellants have the legal title to the premises, and were entitled to recover. The validity of the sales have been controverted on several grounds, to one of which we confine our attention. The assessment and the sales were made under the revenue law of 1868, and that law must determine their validity. The premises were assessed for the taxes of 1870, and 1871, to *W. J. Bean*, the beneficial owner, having in them a perfect equity, and who was in possession by his tenants. The sixty-third section of the revenue law of 1868, required the tax-collector to give notice of the sale of lands for non-payment of taxes, by advertisement in the official journal of the county, and by posting notice on the door of the court-house, and required that "such advertisement shall state the time and place of sale, and contain a description of the several parcels of real property to be sold, as the same are recorded on the tax list, the amount of taxes for each year, and the names of owners when known, or person, if any, to whom taxed." The premises were situate in beat or election pre-

cinct number four of Montgomery county, but were described in the assessment as situate in beat number five. The advertisement of the sale for the taxes for 1870, described them as situate in beat number five, and omitted to state to whom they were taxed. The advertisement of the sale for the taxes for 1871, omitted to state the beat or election precinct in which they were situate, and stated that they were assessed to *B. B. Ragan.*

Sales of real estate for the payment of taxes are made in the execution of powers conferred by statute, under proceedings which are in a great measure *ex parte,* of which the persons to be affected by them, have by law only constructive notice. To render them valid, divesting the owner of his estate, there must be a rigid adherence to the directions and forms of the statute, especially when these are intended for the protection and benefit of the owner.—*Lyon v. Hunt,* 11 Ala. 295; *Scales v. Alvis,* 12 Ala. 617; *Parker v. Burgen,* 20 Ala. 251; *Elliott v. Eddins,* 24 Ala. 508. The statute required that real property should be assessed to the owner when known, and one of the objects of the requisition that the advertisement of sale should state his name, or the name of the person to whom it was taxed, was to afford them notice of the sale, and the opportunity of curing their delinquency by a payment of the taxes before the sale was made. Whatever may have been the object, it was a direction to the tax-collector he was bound to observe, and failing to observe it, he was without authority to sell the premises. *Washington v. Pratt,* 8 Wheaton, 81; *Shimmin v. Inman,* 26 Maine, 228; *Sargent v. Bean,* 7 Gray, 125; Cooley on Taxation, 336; Blackwell on Tax Titles, 235. This objection to the validity of the sale could not prevail if section eighty-seven of the revenue law of 1868, could be sustained, but that section so far as it could exert any influence on this question has been several times declared unconstitutional.

The charge of the Circuit Court was erroneous, and its judgment is reversed and the cause remanded.

STONE, J., not sitting.