[Dane v. Glennon.]

# Dane *v.* Glennon.

*Statutory Action in nature of Ejectment.*

1. *Who is proper party plaintiff; amendment of complaint.*—A statutory action in the nature of ejectment must be brought in the name of the person holding the legal title; and if he is described in the summons and complaint as suing for the use of another, these words may be struck out, by amendment, as surplusage.

2. *Sale of lands for unpaid taxes; description of lands in assessment and deed; admissibility of parol evidence to remove ambiguity.*—When lands assessed and sold for unpaid taxes are described in the assessment, and also in the tax-collector's deed, as "two-thirds (⅔) of square 39 in Fisher's tract," without any other words of description or identification, the sale is void for uncertainty and indefiniteness; and the ambiguity being patent, it can not be corrected or explained by extrinsic parol evidence.

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. H. T. TOULMIN.

OVERALL & BESTOR, for appellant.—(1.) An action of ejectment, or other real action, unlike actions for the recovery of money.(Code, § 2890), must be brought in the name of the person having the legal title; and when he sues for the use of another person, by the words of the statute, which are general, and embrace "all cases" (§ 2891), "the beneficiary must be considered the sole party on the record." It necessarily follows, when the name of the beneficiary is stricken out, there was no plaintiff on the record.—*Leaird v. Moore*, 27 Ala. 326; *Dwyer v. Kennemore*, 31 Ala. 404. (2.) The description of the lands in the assessment, which was carried into all the subsequent proceedings, was void for uncertainty and indefiniteness. It is not sufficiently certain to support a complaint, a deed, or a verdict.—*McRae v. Tillman*, 6 Ala. 486; *Wright v. Lyle*, 4 Ala. 112; *Crommelin v. Minter*, 9 Ala. 594; *Deloach v. State Bank*, 27 Ala. 437. It falls far short of the particularity and precision required in the summary proceedings by which a citizen's property can be taken for the non-payment of taxes. Blackwell on Tax Titles, 151–3; *Oliver v. Robinson*, 58 Ala. 46; *Milner & Co. v. Clarke*, 61 Ala. 258. (3.) If the sale for taxes had any validity whatever, the redemption from the purchaser, by Fisher's administrator, gave no new title to Fisher's estate, but simply removed an incumbrance or lien from the land.—Cooley on Taxation, 368–9; 4 Barr, 26; 27 Penn.

[Dane v. Glennon.]

St. 154. When this redemption was made, Dane was in possession under his purchase at the sheriff's sale; and if it had any effect on his rights, it enured to his benefit as a purchaser of Fisher's estate.

COBBS & TOMPKINS, *contra.*—(1.) The words stricken out were mere surplusage, and the amendment was properly allowed. Code, §§ 2890–91; *Crimm v. Crawford*, 29 Ala. 623; *Mc-Brayer v. Cariker*, 64 Ala. 50; *Stodder v. Grant*, 28 Ala. 418; *Prater v. Miller*, 25 Ala. 520; *Goldsmith v. Pickard*, 27 Ala. 142. (2.) The description of the lands was sufficiently certain to enable a surveyor to locate them. (3.) The lands were sold as the property of Fisher, and the validity of the sale was admitted by him, who attorned to the purchaser as his landlord, and by his administrator, who redeemed; and there was no title or possession that could pass to Dane under his purchase at the sheriff's sale.

SOMERVILLE, J.—This is a statutory action of ejectment, brought by Glennon, in the Circuit Court of Mobile county, against Dane. Both parties claim title through Fisher; Glennon claiming by purchase at an administrator's sale, made in the year 1879, by one Haynie, as the administrator of Fisher's estate, under authority of an order made by the Probate Court. Dane claimed under execution sale made by the sheriff in October, 1875, before Fisher's death; the execution having been issued on a judgment against Fisher, in December, 1874, in favor of one Claude Beroujon, the lien of which was properly kept up by issue of an *alias* in August, 1875.

The suit, as originally brought, was in the name of James K. Glennon, plaintiff, who was described as *suing for the use* of Price Williams. A demurrer was sustained to the complaint, and an amendment was thereupon authorized, so as to strike out the phrase "who sues for the use," &c. The suit was afterwards permitted to proceed in the name of Glennon as plaintiff, against the defendant's objection.

The amendment was clearly authorized by the statute. The action, being in ejectment, should have been brought in the name of the owner of the legal title. Sections 2890–91 of the Code, requiring certain actions to be prosecuted "in the name of *the party really interested*," and providing that, in certain cases, "the *beneficiary* must be considered as *the sole party* to the record," have no reference to suits in ejectment. These requirements are expressly confined to actions on "*contracts*, express or implied, for the payment of money."—Code, 1876, §§ 2890–91. The phrase allowed to be stricken out by amendment was mere surplusage, and the real party plaintiff to the

[Dane v. Glennon.]

suit was Glennon, not Price.—Code, 1876, § 3156; *Agnew v. Leath*, 63 Ala. 345; *Johnson v. Martin*, 54 Ala. 271; *Dwyer v. Kennemore*, 31 Ala. 404; *Stodder v. Grant*, 28 Ala. 416.

The chief contestation in the case has reference to the admission in evidence of a tax-deed, introduced by the plaintiff for the purpose of giving strength to his title. The land in controversy was sold for default in payment of taxes, in June, 1873; and at this tax-sale Price Williams became the purchaser. After the expiration of the period of redemption, Williams, as purchaser, received the tax-deed in question from the tax-collector, as authorized by statute. Haynie, the administrator of Fisher's estate, in February, 1877, acquired Williams' title, either by *purchase* or *redemption*,—it is immaterial which, in the view of the case we shall take. Upon application to the Probate Court, the land was afterwards sold by the administrator; and at this sale Glennon, the plaintiff, became the purchaser. This is the plaintiff's chain of title, the strength of which must depend upon the validity of these proceedings. It is manifest that, if the tax-sale was, for any reason, void, the court below erred in admitting the tax-deed in evidence, and Glennon's claim of title must fail. In such event, Dane's title would be superior to Glennon's; he having purchased in October, 1875, under an execution against Fisher, the lien of which is admitted to have been kept in full force, and the sale under which was made by the sheriff prior to the sale made by the administrator.

Our opinion is, that the court erred in admitting the tax-deed in evidence. It was void for want of conformity to the requirements of the statute regulating the subject of tax assessments and sales. The *description* of the land, both as assessed and sold, was so uncertain and ambiguous as to be incapable of identification. The statute in force at the time of these transactions contained the following provisions in reference to the certainty requisite in the description of lands authorized to be assessed, and sold for non-payment of taxes. "In case of lands surveyed, or laid out as a town, city, or village, . . it shall be described by the designation of the number thereof. If it be *a part of a lot or block*, it may be described *by its boundaries*, or some other way by which it may be known."—Acts of 1868, § 7, subd. 4, p. 302. It is not made necessary to insert the quantity of such land in the assessment.—*Ib.* p. 302.

The land here sued for, as described in the *complaint*, is designated as "Lots number 4 and 5, in Square number 39, of what has heretofore been known as the Fisher tract." The land described in the *assessment* and the *tax-deed* is as follows: "$\frac{2}{3}$ *of Square 39 in Fisher tract.*" The ambiguity patent on the face of this description is obvious. It may mean (1) *an undivided*

*two-thirds interest*, held by the owner, Fisher, by way of tenancy in common; or (2) it may mean an *entirety of two-thirds in area* of the whole square. Which of the two is intended, it is impossible to say; and the ambiguity being patent, can not be corrected by the introduction of extrinsic or parol evidence. Similar descriptions have been adjudged by other courts to be void for uncertainty.—*Bidwell v. Coleman*, 11 Minn. 78, 91; *Adams v. Larrabee*, 46 Me. 516, 519; Burroughs on Tax. 203 –205; Hilliard on Tax. 517, § 12.

It has been often held by this and other courts, that, in the sale of lands for taxes, great strictness is required, and every provision of the statute must be punctiliously pursued. Without a rigid adherence to the directions and forms of the statute, the sale is void, and the owner is not divested of his title or estate. *Milner & Co. v. Clarke*, 61 Ala. 258; *Oliver v. Robinson*, 58 Ala. 46; *Lyon v. Hunt*, 11 Ala. 295; *Elliott v. Eddins*, 24 Ala. 508; *Brown v. Veazie*, 25 Maine, 359. In Cooley on Taxation, it is said to be an accepted axiom, when tax sales are under consideration, that "a fundamental condition to their validity is, that there should have been a substantial compliance with the law, in all the proceedings of which the sale was the culmination. This would be the general rule in all cases, in which a man is to be divested of his freehold by adversary proceedings; but special reasons make it peculiarly applicable to tax sales."—Cooley on Tax. 324. A tax-deed takes effect only as the execution of a statutory power. It must, therefore, be construed with some degree of strictness, so as to enable the grantee to identify the land, and the owner to redeem it.—*Hill v. Maury*, 6 Gray, 551. The description must afford the means of identification, and be sufficiently certain not to mislead the owner, or be calculated to mislead him.—Cooley on Tax. 286; *Curtis v. Supervisors*, 22 Wis. 167. The act of 1868, above quoted, does not require more than this; nor can it be construed to require less.

This rule of description need not be applied with rigor to the present case. The ambiguity and uncertainty of description in the land, as first appearing in the assessment, of course, run through all of the subsequent proceedings, including the certificate of purchase and the tax-deed. It is enough to say, that, so far from being accurate and pertinent, as is required in tax assessments and proceedings, it is not sufficiently certain to sustain a complaint or verdict in ejectment, or unlawful detainer; and this conclusion must prove utterly fatal to the validity of the tax-deed.—*Crommelin v. Minter*, 9 Ala. 594; *Bennet v. Morris*, 9 Port. 171; *Alexander v. Wheeler*, 69 Ala. 332; *McRae v. Tillman*, 6 Ala. 486; *Wright v. Lyle*, 4 Ala.

112; *Hamner v. Eddins*, 3 Stew. 192; Burroughs on Tax. 203–205.

The judgment of the Circuit Court must be reversed, and the cause remanded.