# Johnson v. Harper.

*Action of Ejectment on Tax Title.*

1. *Tax sale of land invalid without advertisement.*—It is absolutely essential to the validity of a tax sale that the land should have been advertised as provided by Code, § 576.

2. *Burden on purchaser at tax sale to show every fact essential to validity of sale.*—It devolves upon a purchaser at a tax sale to show that the property has been advertised as provided by Code, § 576, where there is no recital of that fact in his tax deed, as well as to establish every other fact not so recited, essential to the validity of the sale.

3. *No presumptions indulged to cure defects in proceedings to sell for taxes*—It is essential to the validity of a tax sale that every substantial requirement of the law shall have been complied with, and no presumption can be raised in behalf of the collector to cure any radical defect in his proceedings, but the proof of regularity devolves upon the person who claims under the collector's sale

4. *In ejectment on tax title defendant may impeach sale for want of advertisement.*—Defendant in an action of ejectment by a purchaser at a tax sale may impeach the validity of the sale for failure to advertise the property as provided by Code, § 576.

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. J. M. CARMICHAEL.

This was a statutory action of ejectment brought by the appellee, S. B. Harper, against the appellant N. A. Johnson, to recover certain specifically described lands.

The plaintiff based his title to the lands sued for, and his right to recovery in the suit, upon a tax deed made to him as the purchaser of the lands described in the complaint at a sale for State and county taxes. The defendant objected to the introduction of the tax deed conveying the said lands to the plaintiff, on the ground that there was no evidence that the lands described in the deed were advertised for sale by the tax collector before

they were sold. This objection was overruled, and the defendant duly excepted. The defendant offered no evidence, and upon the introduction of all the evidence, the court at the request of the plaintiff gave to the jury the general affirmative charge in favor of the plaintiff, and refused a like charge requested by the defendant.

There was judgment for the plaintiff. The defendant appeals, and assigns as error the rulings of the court upon the evidence, and the giving of the general affirmative charge for the plaintiff, and the refusal to give the general affirmative charge for the defendant.

P. N. HICKMAN, for the appellant.

HEAD, J.—This is an action of ejectment brought by the appellee against the appellant, basing his right to recover on a tax deed, made to him, as the purchaser of the land, at a sale for State and county taxes. The defendant in the court below objected to the introduction of the deed, because there was no evidence that the lands described in the deed were advertised for sale by the tax collector before he sold the same. There is no recital in the deed to the effect that such advertisement was made, nor was there any independent proof thereof. While it may not have been erroneous to allow the deed to be read at the time it was offered, since the court could not know that proof would not be adduced to show that the sale had been advertised as required by law, yet without such proof the plaintiff failed to establish a good title, and the court erred in giving the general affirmative charge in his behalf.

Under our statutory system, when real estate is sold for taxes, a certificate of purchase is executed to the purchaser by the tax collector who makes the sale.—Code, § 581. This certificate may be surrendered after the time for redemption has expired, and a deed obtained from the probate judge. Section 593 of the Code provides how such deed shall be executed and declares ''that it shall be, in all the courts of the State, *prima facie* evidence of the facts recited therein, in any controversy, proceeding or suit involving or concerning the rights of the purchaser, his heirs or assigns to the real estate thereby conveyed.'' The statute does not prescribe the form of the deed nor

provide what it shall contain. We do not doubt that if the deed in question had recited the fact of advertisement of sale, it would have been *prima facie* proof thereof. We do not doubt, furthermore, that it was absolutely necessary to the validity of the sale, that the land should have been advertised as provided by § 576 of the Code, and that without such advertisement the sale was void. We hold, moreover, that it devolved on the purchaser to show that such advertisement had been made, as well as to establish every other fact essential to the validity of the sale. Many of these necessary prerequisites were sufficiently shown, in the absence of all evidence to the contrary, by the recitals of the deed, but the fact of advertisement was not so shown. It was expressly held in the case of *Clarke v. Rowan*, 53 Ala. 400, that it was essential to the validity of a tax collector's deed, under the revenue law of 1868, "that the land should have been advertised for the time prescribed, posted as required, that the advertisement should state the amount of taxes and costs," and that a disregard of any of those requirements rendered the sale void. It was held, moreover, that it devolved on the purchaser at the sale to prove the fact of such advertisement, and that it had been made as required by the statute.

We have many times said that in a sale of land for taxes great strictness is required. To divest an individual of his property against his consent, every substantial requirement of the law must be complied with. No presumption can be raised in behalf of a collector who sells real estate for taxes, to cure any radical defect in its proceedings ; and the proof of regularity devolves upon the person who claims under the collector's sale. *Clarke v. Rowan*, *supra; Oliver v. Robinson*, 58 Ala. 46 ; *Dane v. Clennon*, 72 Ala. 160 ; *Feagin v. Jones*, 94 Ala. 600 ; Black on Tax Titles, § 205; Cooley on Taxation, pp. 472, 482, 517. In the authority last cited, it is said to be an accepted axiom, when tax sales are under consideration, that "a fundamental condition to their validity is, that there should have been a substantial compliance with the law, in all the proceedings of which the sale was the culmination. This would be the general rule in all cases in which a man is to be divested of his freehold by adversary proceedings, but special reasons make it peculiarly applicable to tax sales."—Cooley on

[Johnson v. Harper.]

Taxation, 324. Under the present law there are many things required to be done in the assessment and collection of taxes, preceding the rendition of the decree by the probate judge or court for the sale of land for taxes, of the performance of which that decree may be conclusive, but the advertisement of the sale, being subsequent, is, of course. unaffected by the decree.

The considerations which prohibit the collateral impeachment of a sheriffs deed for a failure to advertise the sale, have no application to the present case. One of the controlling reasons why the defendant in execution is not permitted to attack the deed collaterally, is because the court where the judgment exists can control the improper action of the sheriff and set his proceedings aside if any injury has resulted from his irregularities. *Ware v. Bradford*, 2 Ala. 676. No such safe and speedy remedy can be invoked by the owner of lands which are sold for the non-payment of taxes. Most especially is this true if the lands be assessed to ''owner unknown.'' Without stopping to inquire into all the reasons that may exist for the distinction mentioned, it is sufficient to remark that a sale by a tax collector is in execution of a special power expressly delegated, and the rule is general that in the execution of such power, it must be shown that the statute was strictly complied with. A sale by a sheriff under execution from a court of general jurisdiction is not so regarded, and there are many reasons of public policy and convenience for not allowing such a sale to be attacked for any mere irregularity or misconduct on the part of the officer. The distinction between the two classes of cases is clearly drawn in *Brooks v. Rooncy*, 11 Georgia, 423, s. c. 56 Am. Dec. 430 and note.

Reversed and remanded.