# Beatty *v.* Brown.

*Bill in Equity by Purchaser, to enforce Contract of Sale as Equitable Mortgage for Purchase-Money; and for Injunction and Account.*

1. *Amendment offered on day of hearing.*—A proposed amendment of the bill being filed in open court on the day of the hearing, as shown by the register's indorsement, the failure of the chancellor to allow it is not error, when the record does not show that his attention was called to it, nor that it was filed before the rendition of the decree.

2. *What amendments are allowable.*—The statute requiring the allowance of an amendment of the bill, at any time before final decree, "to meet any state of evidence which will authorize relief" (Code, § 3449), has reference only to the evidence on file.

APPEAL from the Chancery Court of Tuskaloosa.
Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 31st March, 1885, by William M. Beatty against Randall B. Brown, and sought particularly to have a written agreement between the parties construed and enforced as a contract of sale, creating an equitable mortgage for the purchase-money; also, to have the lands sold for the payment of the balance due, as ascertained on an account to be stated by the register, and for an injunction of several actions at law, which the defendant had instituted, to recover the possession of the land, damages for cutting timber on it, &c. The points decided by this court render any further statement of the facts unnecessary.

MARTIN & McEACHIN, for appellant.

HARGROVE & VAN DE GRAAF, and S. A. M. WOOD, *contra.*

14

[Beatty v. Brown.]

SOMERVILLE, J.—The assignment of error most relied on in this case is, that the chancellor erred in not allowing an amendment to be made to the bill of complaint.

The only amendment anywhere appearing in the record is one marked "filed in open court" on September 20th, 1886, which was the day on which the final decree in the cause was rendered. We assume this to be the amendment to which reference is made.

There are three reasons which severally justify us in overruling this assignment of error:

(1.) It is nowhere made to appear that this amendment was ever brought to the attention of the chancellor, or that he was requested to allow it, or that he in any manner made a ruling on the subject. The right of amendment is a privilege which must be claimed, and this can be done only by motion or suggestion made to the court. We can not put the chancellor in error, by presuming that he overruled the motion to amend, if such be conceded to be the effect of such a ruling.

(2.) The statute authorizes such an amendment to be made "at any time before final decree" in the cause, not afterwards.—Code, 1886, § 3449. The date of the filing of the amendment is the same as the date of the final decree— September 20th, 1886. It does not appear, therefore, that it was even filed at the time of the rendition of this decree. Hence, if it be conceded that the duty lay on the chancellor to act on the amendment without special request, the record should show that it was filed before the rendition of his final decree. This it fails to show.

(3.) For still a third reason the record fails to impute error to the chancellor in reference to this matter. There is no testimony in the record which would support the facts averred in such an amendment, and hence it was properly disallowed. The statute authorizes no amendment to a bill to be made, except "by striking out or adding new parties, or to meet *any state of evidence* which will authorize relief." Code, 1886, § 3449. This means, and has been construed by this court to mean, any state of evidence *already taken* in the cause at the time of the proposed amendment. It does not mean any possible proof which might afterwards be taken, in the event of a continuance of the cause.—*Smith v. Coleman*, 59 Ala. 260. Such a construction would lead to an interminable procrastination of chancery causes, for which there would be no possible remedy, at least for the party

[Bell v. Teague.]

whose rights would be practically denied by such delay. If, moreover, the amendment had been allowed, and the chancellor had proceeded to make a decree, it is manifest that its averments would have been unsupported by proof, and it would have availed the complainant nothing. Allegations without proof are as fatal to a complainant's recovery, as proof without allegations. The two must substantially correspond, or no recovery can be had.

It is manifest that the register had no authority to take any testimony in support of the facts alleged in the amendment, and he did not err in refusing to do so, the issues raised by it being entirely outside of the inquiry involved in the reference. Nor was any point touching this subject raised by the exceptions taken to the register's report, and brought to the chancellor's attention.

We have examined the testimony bearing on the exceptions taken to the register's report, and agree with the chancellor in the conclusion attained by him.

The decree is, accordingly, affirmed.