(77 South. 726)

SLOSS–SHEFFIELD STEEL & IRON CO. v. YANCEY.   (6 Div. 688.)

(Supreme Court of Alabama.   Jan. 17, 1918.)

1. EQUITY  ⬤≈273—PLEADING—AMENDMENT— DEPARTURE.

Where a bill was brought under the statute (Code 1907, §§ 5443–5446) to compel the determination of claims to land, and as amended was converted into a bill to remove a cloud from title, the change was not such as to constitute a departure.

2. APPEAL AND ERROR  ⬤≈883—AMENDMENTS OF PLEADING—ALLOWANCE.

Where a proposed amendment to pleading read, "Your complainant with leave of court first had and obtained amends his bill," etc., and there is nothing in the record to refute it, the complainant cannot claim on appeal that there was no allowance of his amendment under Gen. Acts 1915, pp. 705, 706, relating to amendments.

3. EQUITY  ⬤≈369 — AMENDMENTS TO PLEADINGS—DECREE PRO CONFESSO.

Under Code 1907, § 3128, relating to amendments, a decree pro confesso for complainant after amendment of the bill, to which a respondent merely demurs, is necessary to put the cause at issue as a condition precedent to its regular submission.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill in equity to quiet title by G. W. Yancey, trustee, against the Sloss-Sheffield Steel & Iron Company. Decree for plaintiff, and defendant appeals. Reversed and remanded.

---

⬤≈For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Tillman, Bradley & Morrow, of Birmingham, for appellant. London, Yancey & Brower, of Birmingham, for appellee.

McCLELLAN, J. On July 25, 1913, the appellee filed a bill against the appellant to quiet the title to certain lands in Jefferson county. This bill conformed in all respects, it seems, to the directions of the statutes set forth in chapter 127 of the Code of 1907 (section 5443 et seq.) for the constitution of a proper bill in such cases. A trial by jury was demanded. Code, § 5446. On August 23, 1913, the respondent, appellant, filed its answer to the statutory bill, and propounded its claim of absolute title to the land described in the original bill. In reciting in its answer the chain of title upon which reliance was placed the respondent, appellant, referred to a deed conveying the land in question to its predecessor of date December 16, 1895, from William Reid and wife. On May 24, 1915, a paper was filed with the register which was addressed and captioned in these words:

"To the Honorable A. H. Sharpe, Judge of said Court:

"Your complainant, with leave of court first had and obtained, amends his bill of complaint heretofore filed in this cause as follows. * * *"

As appears from dates, this paper was filed about 20 months after the respondent's answer to the original, statutory bill was filed. Following the caption quoted, the paper contained two paragraphs, numbered 6 and 7, and the prayer to be stated. The sixth paragraph alleged that the complainant was advised and believed, and upon such information and belief averred, that respondent claimed an interest or title to the property in question under and by virtue of the Reid deed, of date December 16, 1895. The seventh paragraph alleged that at the time said Reid and wife executed the deed of December 16, 1895, "they were told by the respondent that said conveyance included only the N. E. ¼ of the S. E. ¼ of section 21, and that the said William Reid and his wife did not read said conveyance, and did not sell or agree to sell" the property described in paragraph 2 of the original bill. The prayer therein was that said deed should be declared null and void in so far as it applied to property described in paragraph 2 of the original bill, and for "such other, further, and different relief as your complainant may be entitled to under the pleading and proof of this cause." It thus appears that the substance of the matter set forth in the paper filed May 24, 1915, was with a view to averting and avoiding that feature of the answer wherein the respondent set forth the deed of December 16, 1895, as a link in its chain of asserted title. 16 Cyc. pp. 341, 342. On May 26, 1915, two days after the filing of the paper just referred to, the respondent, through its solicitor, filed demurrer, containing eight grounds, captioned in this language:

"Now comes the respondent, the Sloss-Sheffield Steel & Iron Company, and after the amendment to the bill of complaint in the above cause files the following demurrers. * * * *"

Subsequently, presumably about March 23, 1917, it was "ordered, adjudged, and decreed by the court that a jury be impaneled to try the proceedings at issue in this cause," and on March 23, 1917, the jury returned a verdict affirming that:

"The complainant is now, and was at the time of the filing of this bill in this cause, in quiet and peaceful possession of property as described in bill of complaint."

As of the date March 27, 1917, the minute entry recites:

"This cause, coming on to be heard, was submitted for final decree upon the verdict rendered by the jury on the 23d day of March, 1917."

The following "final decree" was filed in office March 27, 1917:

"This matter coming on to be heard and a jury being impaneled, and all of the material allegations of the bill of complaint being proven to the satisfaction of the jury, and the jury in this cause having rendered a verdict deciding all the issues in favor of the complainant and the court being satisfied from the evidence that the complainant was at the time of the filing of the bill of complaint in this cause filed, and is now, in the quiet and peaceable possession of the property described in the bill of complaint, and the respondent, *although having filed plea* [italics supplied], offering no proof, it is by the court ordered, adjudged, and decreed that the complainant, G. W. Yancey, trustee, was at the time of the filing of the bill of complaint, and is now, in the quiet and peaceable possession of the property as described in the bill of complaint and hereafter set out, and that the respondent, Sloss-Sheffield Steel & Iron Company, has no estate or interest in or incumbrance upon such lands as described in the bill, to wit, the northwest quarter of southwest quarter of section 22, township 16, range 3, west, situated in Jefferson county, Ala., or any part thereof. It is further adjudged and decreed that the complainant is entitled to his costs in this behalf expended."

In response to motion by the respondent to amend this decree nunc pro tunc by striking out the four words above italicized therein ("although having filed plea"), the court so amended the decree and struck those words therefrom, leaving the decree to affirm, in that particular connection, that "the respondent offering no proof." It is to be noted there is no recital in the minute entries, as disclosed by this record, that either the respondent or its solicitor was present when the jury was impaneled, when the testimony was taken, when the verdict of the jury was returned, or when the cause was submitted for final decree on March 23, 1917. It is to be further noted that nowhere in the final decree was account taken of any amendment of the original bill. On the contrary, the allusions to initial pleading in the final decree appear to be to the original bill, without regard to any amendment of it. It is to be further noted that no decree pro confesso with respect to the matters averred in the paper filed May 24, 1915, was taken.

[1] The subject-matter of the sixth and seventh paragraphs, together with the prayer borne by the paper filed May 24, 1915, may have, doubtless did, introduce confusion of equitable rights and remedies into the complainant's pleadings, provided the matter set forth in that paper became by amendment a part of complainant's bill; but, according to the analogy afforded by the decision of this court in Smith v. Gordon, 136 Ala. 495, 34 South. 838, it cannot be affirmed that a departure from the original cause would be wrought if the amendment was effective as such.

The appellant insists that error underlies the final decree for that the cause was not at issue at the time of the submission; its contention being necessarily predicated of the view that the original bill had been amended by the paper filed May 24, 1915, to which respondent had seasonably interposed its demurrer. To this the appellee, complainant, replies, in effect, that since the amendment was not allowed, but was merely proposed, it never became a part of the complainant's pleading in the cause, and that the decree of the court was alone rested upon the original bill, to which respondent had made, on August 23, 1913, the answer contemplated by the statutes. Code, § 5445. It is quite clear that, if the original bill was in fact amended, the cause was not at issue; no decree pro confesso thereto could have been taken; and the submission was premature and erroneous. It is true that prior to the enactment approved September 22, 1915 (General Acts 1915, pp. 705, 706), a proposed amendment did not become an amendment, a part of the pleading in a cause, until it had been allowed, or, what is the same thing, leave was granted to amend as proposed. Chancery Rules 42, 43; Civil Code, p. 1540; 31 Cyc. pp. 367, 368, 376; Beatty v. Brown, 85 Ala. 209, 4 South. 609; Bondurant v. Sibley, 37 Ala. 565, 570, 571. In the last-cited case this court recognized the effectiveness of a perfected amendment where the parties and the court treated an amendment as having been made, either by long acquiescence pending the disposition of the cause or by considering and deciding the subject-matter introduced even by an irregular amendment. However, in the third section of the act of 1915, cited above, it is provided that an order allowing an amendment to a bill or answer is not necessary; that all such amendments so filed should relate back to and become a part of the bill or answer amended as fully as though the amendment had been incorporated in the bill or answer when filed. In the view this court takes of the record before us, neither the question of the ratification of an unauthorized amendment nor the question of the acquiescence by the court in a status that could only have come into existence through an effective amendment is necessary to be considered or decided. The question here considered with a view to its decision must turn upon the status of the complainant's pleading on May 24–26, 1915, more than a year before the cause was submitted.

[2] The caption of the "Amendment to Complaint," filed in office May 24, 1915, bears the assertion that the complainant thereby amended his bill of complaint theretofore filed after leave of the court had been "first had and obtained." Having thus solemnly asseverated the reception of leave to amend and thereupon and thereby at that time amending his original bill, the complainant cannot now be heard to raise the question upon the allowance vel non of his amendment. There is nothing in the record to refute this thus solemnly and formally uttered recital in complainant's pleading. The subject-matter set forth in paragraphs 6 and 7 and the prayer consequent thereupon became on May 24, 1915, a part of complainant's bill in this cause. The original bill must be regarded as having been amended by the addition thereto of the matter and prayer set forth in the paper filed May 24, 1915.

Code, § 3128, provides:

"If an amendment to the bill is made after answer filed, and answer is required by complainant, an answer and not merely a demurrer or plea must be put in within thirty days after notice thereof, or further time be obtained to answer. And if not so answered, the matter may be taken as confessed. But the same may be set aside on application as in other cases. And if no answer is required, the defendant may counter plead as he may be advised; but all such pleadings shall only be allowed as amendments to the defensive pleadings already in the cause, and not as originals, and the cause shall be heard as the whole after being once at issue. The defendant may incorporate a plea or demurrer in his answer."

It is insisted for appellee, as we understand it, that one effect of this statute is to avert the necessity for a decree pro confesso where the bill is amended before answer filed, and the respondent does not seasonably answer the amendment, but undertakes merely to demur; and this on the ground that the statute forbids a demurrer in such circumstances not incorporated in an answer which must be filed within 30 days after notice of amendment or within the period of time extended by the court. The substance of the above-quoted section of the Code of 1907 was section 2907 of the Code of 1852, section 3358 of the Code of 1867, section 3792 of the Code of 1876, section 3451 of the Code of 1886, and section 708 of the Code of 1896.

[3] In the original and in each reproduction of this statute up to the Code of 1907 express provision was made for the setting aside of "the order or decree pro confesso" on application to the register or chancellor upon filing a full and sufficient answer. This provision for the setting aside of the order or decree pro confesso clearly refuted any basis for the idea that a decree pro confesso was not necessary in those cases in order to put a cause at issue as a condition precedent to its regular submission. The substance of these sections is reproduced in section 3128

of the Code of 1907. In that section, in lieu of the earlier provisions for setting aside the order or decree pro confesso, manifestly contemplating the unremoved necessity for taking the decree pro confesso in that case, the authors of section 3128 provided that the same "may be set aside on application as in other cases," thereby referring the practice in this regard to Code 1907, § 3167 et seq. It results from the considerations stated that the decree appealed from is affected with error in that the submission of the cause was premature; was undertaken to be had before the cause was at issue after the original bill had been amended. The sufficiency of either the bill or the bill as amended as against demurrer filed May 26, 1915, is not considered, since it is probable the complainant will conclude either to perfect the bill as one to remove a cloud from title, or else, eliminating that feature, retain it as a statutory bill to quiet title.

The decree is reversed, and the cause is remanded to the end that the litigable rights of the parties may be asserted under the proper form of pleading in such causes.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.