183 So. 442

## COTTON v. COTTON et al.

### 6 Div. 268.

Supreme Court of Alabama.

June 9, 1938.

Rehearing Denied Oct. 6, 1938.

Hiram Dodd, of Birmingham, for appellant.

Jim Gibson, of Birmingham, for appellees.

THOMAS, Justice.

The sale was for division of real property between joint tenants and the widow having the right to have dower assigned.

The decree ordered the sale of the land specifically described for division on the grounds that it was shown that it could not be equitably partitioned in kind; that Janie Cotton, the widow, had a dower interest in said lands that had not been assigned; and that she joined with the parties in the cause to the end that full title be represented on such sale; that each of the parties, other than the widow, had an undivided one-tenth interest in and to the described property; that Mrs. Mertie Cotton had theretofore acted in behalf of herself and

each of the joint tenants, together with the widow, in removing a lien from the property, declaring that such right was for the purchase price of the property plus taxes and interest at the legal rate and which lien is declared to be a prior lien for the amount indicated; that A. B. Cotton, in addition to his undivided interest in the property and over and above a reasonable rental charge to him for the use and occupation of the property, was determined to have a claim against the proceeds of the property in a sum equal to one-fifth of the net sale price, after claim for taxes had been paid and after expenses of the suit had been deducted, not to exceed in any event the sum of $150; that the amount of the solicitor's fee for complainant and the amount of money due to the widow, Janie Cotton, for her dower interest in the property, and such other questions as may be properly considered in the cause were reserved until such time as the court may determine that an additional order should be made therein.

The errors assigned challenge the action of the court in ordering the property sold, including the interest of Janie Cotton, and in "charging a rental against A. B. Cotton." Errors were cross assigned for decreeing that Mrs. Mertie Cotton had an undivided interest in the real estate ordered sold.

We need hardly revert to the rule of Georgia Cotton Company v. Lee, 196 Ala. 599, 72 So. 158, as to requirements of brief to present matters to this Court for consideration. However, we have tried to consider the matters presented by the record before us within the rules that obtain.

■ The record contains the amended pleading, which we understand presents the respective theories of the several parties at interest. The record being examined fails to disclose testimony as noted by the register. The rule as to a record in such condition is, "Where material evidence on controverted issue is omitted from record, presumption on appeal is that there was evidence sufficient to justify conclusion embodied in the decree appealed from." Taylor v. Hoffman et al., 231 Ala. 39, 163 So. 339.

The widow, for the purposes of the sale for distribution, has joined in the proceeding on the ground that the value of her dower right be ascertained, and that she be decreed to have that right enforced upon the proceeds of the sale.

■ The respective amended pleadings present the facts that justify the decree. It is declared that where a joint tenant purchases or redeems lands from tax sale, and there is no adverse holding of the possession for a period that is beyond the statute of limitations (Code 1923, § 8943), such joint tenant will be held to have acted for the other joint tenants in purchasing or redeeming the joint properties from the superior lien.

In Betts et al. v. Ward, 196 Ala. 248, 72 So. 110, it is declared (page 114): "The statutes provide that partition may be had, as a matter of right, on the application of one or more of the joint owners or tenants in common (Code 1907, § 5203); that annulment may be obtained in chancery, of any partition procured by fraud or undue influence by which any of the parties obtained an unfair allotment (Code, § 5214); that when there is a lien on the undivided interest of any of the parties, on partition the same attaches to the share assigned to such party (Code, § 5215); that the power of statutory partition conferred 'does not prevent a resort to any lawful mode of obtaining partition of lands' (Code, § 5221); and that the chancery court shall have jurisdiction of partition or sale for division (Code, § 5231)."

The trial court thus adjudicated the rights and equities of the respective parties in the lands ordered sold for distribution and payment of superior liens from the proceeds of such sale. The reimbursements will be duly made, according to statutes and the rules that prevail in courts of equity.

The decree of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.