199 So. 516

**MORRIS v. MOUCHETTE.**

**6 Div. 672.**

Supreme Court of Alabama.

Dec. 19, 1940.

Curtis & Maddox, of Jasper, for appellant.

350

Wright & Smith, of Fayette, for appellee.

GARDNER, Chief Justice.

Statutory action of ejectment by appellant against appellee in December 1938, for the recovery of lands situated in Fayette County, Alabama. Both parties claim title through a common source, J. M. Kimbrell.

Plaintiff's claim is rested upon a register's deed executed pursuant to a foreclosure decree of a mortgage of said Kimbrell to plaintiff embracing the lands here involved.

Defendant claims title by virtue of a tax deed from the probate court executed in November, 1934 to Theron Cannon and a deed from Cannon to him and possession thereunder. It does not appear to be seriously controverted that plaintiff has made out a prima facie case of title and right to possession of the land. Defendant's insistence is that the tax sale had on July 2, 1931 was valid and that the deed executed in 1934 to Cannon conveyed the title and further that in any event plaintiff was barred by the statute of limitations of three years. Section 3107, Code of 1923. All the authorities agree that in a sale of lands for taxes great strictness is required and the provisions of the statute must be strictly pursued. Pollak v. Milam, 190 Ala. 569, 67 So. 381; Johnson v. Harper, 107 Ala. 706, 18 So. 198.

The revenue code of 1919 (Acts 1919, Sec. 250, p. 356) like that of 1935 (Acts 1935, p. 355, Sec. 224) specifically required that in the sale of real estate for the payment of taxes the tax collector shall give notice for thirty days before the day of sale by publication for three consecutive weeks in some newspaper published in the county, if such character of notice is followed. Such was the character of notice followed in the instant case.

Undisputedly there was substantial failure of compliance with this provision of the statute. The sale was had on July 2, 1931 and the tax sale notice was published in the newspaper in the issues of June 11th, 18th and 25th only. This does not meet the requirements of the statute regarding the thirty days' notice, lacking more than a week in that respect. In Johnson v. Harper, supra, the court held that to perfect a valid sale, the land shall have been advertised as required by the statute. And attention was therein directed to Clarke v. Rowan et al., 53 Ala. 400, where the holding was that the lands shall have been advertised for the time prescribed and that a disregard of the statutory requirements rendered the sale void. See also Lyon v. Hunt, 11 Ala. 295, 46 Am.Dec. 216; 61 C.J. 1185, § 1597. Under these authorities therefore, we conclude that the tax sale was invalid.

Under Section 3107 of the Code of 1923, in force at the time of this tax sale as well as when Cannon, the purchaser, secured his deed in 1934, it was expressly provided that the statute of limitations of three years for the recovery of lands sold for payment of taxes did not apply to void tax sales. Let it be conceded for the purposes of this case, that this exception in Section 3107 of Code 1923 was applicable to the sale invalid for the above-noted reason. See Brown v. Ellison et al., 239 Ala. 320, 194 So. 822. Yet such concession can avail plaintiff nothing.

True this latter provision of Section 3107 of the Code of 1923, to the effect that the statute of limitations of three years shall not apply to void sales, was omitted in the revenue code of 1935. General Acts, 1935, p. 366, Sec. 260. In all other respects the law in that regard appears to have been unchanged.

Indeed plaintiff's appeal appears to have been rested largely upon the theory that the provisions of Section 3107, Code 1923, as they existed when the tax sale was had apply to this case, notwithstanding the amendment in the act of July 10, 1935, where this exception as to void tax sales was omitted, and notwithstanding the further fact that actual open and notorious adverse possession by defendant and his predecessor in title, Cannon, was clearly shown continuously since said date for more than three years before bringing the suit.

■■■ In Doe v. Moog, 150 Ala. 460, 43 So. 710, it was observed: "Under our decisions, statutes of limitations affect the remedy, and, unless the act creating the limitation specifically shows a contrary intention, the statute of limitation existing at the time of trial applies". See also Henry v. Thorpe, 14 Ala. 103; Martin v. Martin, 35 Ala. 560; Cronheim v. Loveman, 225 Ala. 199, 142 So. 550; Coker v. Fountain, 200 Ala. 95, 75 So. 471.

The trial court left to the jury the question of adverse possession dating from the amendatory act of July 10, 1935 to the time of the institution of this ejectment suit, with consequent verdict for defendant. But as we read the record such possession is undisputedly shown by the proof and the plaintiff in fact received more than his due in this respect.

■■■ The argument is advanced as to the right of a mortgagee to redeem under the provisions of Section 3109, Code 1923, and as in some manner affecting this case. But there is here no effort of a mortgagee to redeem, as in Alabama Mineral Land Co. v. McFry, 236 Ala. 632, 184 So. 192, and in any event the relationship of plaintiff as mortgagee of this land has long since ceased to exist. His mortgage was foreclosed under decree of the equity court as far back as 1931, though the register's deed bears date in 1936. Long before this suit was brought he stood to the land as owner with the duty to assess and pay future taxes. Alabama Mineral Land Co. v. McFry, 236 Ala. 632, 184 So. 192.

The fact that he was formerly a mortgagee can have no bearing upon the result in this case.

The few remaining matters presented in the record are of no importance as to the result of this appeal and need no separate treatment here. Suffice it to say we find no reversible error and the judgment is due to be affirmed. It is so ordered.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.