35 So.2d 191

### LINDSEY et al. v. ATKISON.

4 Div. 490.

Supreme Court of Alabama.
April 8, 1948.
Rehearing Denied May 13, 1948.

---

[1] Ante, p. 336.

S. H. Gillis and J. L. Murphy, both of Andalusia, for appellee.

E. O. Baldwin, of Andalusia, for appellants.

GARDNER, Chief Justice.

The bill was filed in September 1946 by some of the heirs at law of E. Lindsey, Jr., deceased, against other such heirs, seeking a sale of a twelve acre tract of land in Covington County for division among the joint owners. Upon proof had orally before the chancellor, a decree was rendered dismissing the bill, from which decree this appeal is prosecuted.

Among the defendants was Inez Atkison who owned one twenty-fifth interest in the land. This property was by the tax collector sold on August 31, 1939, for nonpayment of state and county taxes, and at the sale the State of Alabama became the purchaser. Subsequent thereto (March 20, 1940), the State Land Commissioner transferred the certificate of purchase to J. E. Atkison, Sr., who was a bona fide purchaser, and who, prior to such purchase, had no interest in

the property. Thereafter (October 29, 1941), said Atkison transferred all of his right, title and interest to the land and the certificate to Inez Atkison, to whom the Judge of Probate of Covington County executed a deed bearing date of July 8, 1946.

It appears undisputedly that Inez Atkison at once, upon her purchase from J. E. Atkison, Sr., on October 29, 1941, went into possession of this twelve acre tract, moving into the four room house, making valuable improvements upon the property, expending some few hundred dollars thereon, and that at least two of the heirs were employed by her in making some of these improvements.

It further appears undisputedly that she continued to remain in possession of said land, openly claiming the same adversely as her own, and that the heirs of E. Lindsey, Jr., deceased, had knowledge of such adverse claim, which has continuously prevailed.

The chancellor found from the evidence that said Inez Atkison had been in the active, open and exclusive possession and control of the property for more than three years from the date when she was entitled to demand a deed therefor, as provided by section 295, Title 51, Code of 1940, and that any claim the other parties to this cause may have had to the property was barred by the three year statute of limitations. And, as we have previously observed, the adverse character of the claim of Inez Atkison was brought to the knowledge of the other heirs. We are of the opinion the chancellor reached the correct conclusion.

We may concede, for the purpose here in hand, the invalidity of the tax sale, as contended by counsel for appellants, as it was had against the estate of E. Lindsey, Jr., deceased. Webb v. Griffin, 243 Ala. 468, 10 So.2d 458. And we further concede that a joint owner or tenant in common, who pays taxes on the property or redeems the same presumably acts for the benefit of all joint owners, and it will be so determined if such right is seasonably exercised. Cotton v. Cotton, 236 Ala. 459, 183 So. 442; Salter v. Odom, 240 Ala. 462, 199 So. 687.

■ But, as found stated in Cotton v. Cotton, supra [236 Ala. 459, 183 So. 443],

there is a limitation even to this principle to the effect there must be "no adverse holding of the possession for a period that is beyond the statute of limitations."

■ The argument of counsel is to the effect there should be here shown an adverse possession of ten years. Here, Inez Atkison did not pay any taxes, nor redeem from a tax sale. Bobo et al. v. Edwards Realty Co., Ala.Sup., 34 So.2d 165. She merely purchased from one who bought in good faith from the State. The argument overlooks the statute peculiarly applicable to such sales. Section 295, Title 51, supra. All of the heirs of E. Lindsey, Jr., deceased, were of full age and sound mind. None of the exceptions noted in this statute are here applicable. The limitation fixed therein is three years, and it is that statutory limitation that Inez Atkison invokes, and which the chancellor correctly applied.

In the comparatively recent case of Morris v. Mouchette, 240 Ala. 349, 199 So. 516, attention was directed to the legislative change in this statute by the Act of 1935, wherein was noted the omission in the amended act of the exception as to void sales. In the Morris case the holding was that the tax sale was invalid. Yet, giving effect to the three year statute of limitations, the defendant in the ejectment suit prevailed.

Under the proof, the chancellor correctly ruled in favor of Inez Atkison.

This defendant in answer and cross bill disclosed valuable improvements and considerable expenditures, for which she sought reimbursement in the event her right to title should fail.

■ Complainants, a few days thereafter, amended their bill by adding a paragraph the effect of which was to offer to pay their proportionate part for reimbursement, should the court so decree. No further notice appears to have been given this amendment. It in fact merely presented what was already before the court. The trial proceeded by all parties as if the cause were at regular issue. Of course a brief answer thereto would have sufficed, but would have added nothing to the pleadings that was not already before the court.

484

In Sloss-Sheffield Steel & Iron Co. v. Yancey, 201 Ala. 200, 77 So. 726, 729, a reversal of the cause was had for a failure in the pleading in this respect, "to the end that the litigable rights of the parties may be asserted under the proper form of pleading in such causes." But here a reversal could serve no such end.

The pleadings of all parties fully state the issues involved. To reverse and remand the cause for this particular defect would be to wholly ignore Supreme Court Rule 45, Code 1940, Tit. 7 Appendix, which contemplates substantial injury to justify a reversal.

We are of the opinion the chancellor correctly ruled in applying the three year statute of limitations in favor of defendant Inez Atkison, and the decree is due to be affirmed. It is so ordered.

Affirmed.

BROWN, LIVINGSTON and SIMPSON, JJ., concur.