35 So.2d 684

### DANIELS et al. v. HOGG.

4 Div. 491.

Supreme Court of Alabama.

June 3, 1948.

———◆———

E. O. Baldwin, of Andalusia, for appellants.

A. Whaley, Geo. S. Whaley and Whaley & Whaley, all of Andalusia, for appellee.

FOSTER, Justice.

This suit was begun as one for a sale for division of land by some of the descendants of Mannuel Daniels, long since deceased, against J. H. Hogg, seeking to have the court adjudge that he only owns a four-sevenths interest which he acquired from some of the heirs. He set up claim of exclusive ownership under a tax sale, at which he purchased the land on December 5, 1934. The sale was by the tax collector of the county under an assessment made in 1933 to Mathew Daniels, Sr. On his purchase, the land was deeded to him on March 11, 1938 by the judge of probate of the county, and he has had the adverse possession of it since shortly after the date of his purchase December 5, 1934, continuously, until the institution of this suit April 21, 1944, and to the date of the trial. No redemption was effected. It is not claimed that the tax deed was valid, but the claim is adverse possession for three years under section 295, Title 51, Code.

The defendant also set up conveyances from some of the heirs of deceased before and since the institution of this suit. There were other issues made on a cross bill by defendant claiming reimbursement for im-

provements and taxes paid. We need not consider such claims since the decree of the circuit court is here sustained.

On a trial before the judge, at which the evidence was taken orally in the presence of the judge, a finding was made and a decree was rendered holding that defendant had the legal title to the land by virtue of his adverse possession under the short statute of limitations (section 295, Title 51, Code), and that because he has purchased the interest or claim of some of the heirs did not militate against his adverse possession.

There is little to be said further than what was said by this Court in Odom v. Averett, 248 Ala. 289, 27 So.2d 479.

■ The three year statute of limitations has application, though the sale occurred prior to the General Revenue Act of 1935, page 366, section 260, as it now appears in section 295, Title 51, Code. That enactment in effect provided that the invalidity of the tax sale did not prevent the operation of the short statute as it had done under a previous enactment. The adverse possession of defendant extended for more than three years subsequent to the enactment of the later statute. See, also, Lindsey v. Atkison, ante, p. 481, 35 So.2d 191; Morris v. Mouchette, 240 Ala. 349, 199 So. 516.

At the time of the purchase by defendant at the tax sale, he was not a tenant in common with complainants and occupied no other relation which imposed a trust or other obligation to them, and they do not claim in this suit any rights under such relation.

■ The fact that defendant soon after his purchase at the tax sale obtained deeds from several of the heirs and also some after this suit was begun does not show that his possession was not adverse under his tax purchase. This probably manifested a supposition that his tax purchase did not pass a perfect title, but adverse possession is not affected by knowledge of an outstanding claim. Bailey v. Bond, 237 Ala. 59 (7 and 8), 185 So. 411; State v. Conner, 69 Ala. 212 (6); Kidd v. Browne, 200 Ala. 299, 76 So. 65.

The decree of the circuit court, in equity, is affirmed.

Affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.