108 So.2d 433

Calvin McGHEE et al.

v.

Lula WALKER et al.

3 Div. 778.

Supreme Court of Alabama.

Oct. 16, 1958.

Rehearing Denied Feb. 12, 1959.

522

C. LeNoir Thompson, Bay Minette, for appellants.

Robt. H. Maxwell, Atmore, and Brooks & Jones, Brewton, for appellees.

GOODWYN, Justice.

The complainants below (Lula Walker, Lawrence Walker, Gertrude Walker Roland, Treacy McGhee and Ruth Barton) filed a bill of complaint in the circuit court of Escambia County, in equity, against the following respondents, viz.: Lonnie Walker, Ruby Jackson, J. C. Walker, James Walker, Gladys Thomas, W. D. Walker, Vallie Walker Ripstein, Jack NcNac, W. C. Daughtry and the Heirs of Lynn McGhee, represented by Mal McGhee and Calvin McGhee. The bill alleges that Lula Walker is the widow of Fred Walker, deceased, and is entitled to the assignment of a homestead and dower interest in the land involved in the suit (North ½ of Southeast ¼, Section 28, Township 2 North, Range 5 East in Escambia County, Alabama) and that, subject to her rights, the other complainants and the first seven named respondents are the owners of said lands (each owning an undivided 1/11th interest therein); that they derived their title from their father, Fred Walker, the husband of said Lula Walker, the said Fred Walker having died intestate during the year 1948; that at his death he was possessed of the said lands as his homestead; that there has been no administration on his estate; that there are no unpaid debts due and that homestead and dower have not been assigned his said widow. Jack McNac and W. C. Daughtry are made parties in view of their claim to a "leasehold or rental interest in the aforesaid land."

The bill further alleges that Patent No. 948359, dated November 19, 1924, from the United States of America, as grantor, was filed for record in the office of the judge of probate of Escambia County on December 26, 1924; that by said patent the said lands were granted in fee simple to the Heirs of Lynn McGhee; that said lands were subject to state and county taxes for the year 1933 and were assessed for such taxes to "owner unknown"; that "thereafter, said taxes being due and unpaid within the time required by law, said lands were sold for said taxes to Lucille Z. Moore, and pursuant to said sale R. E. Adams, judge of probate, conveyed said lands by tax deed to said Lucille Z. Moore by deed dated October 27, 1937, recorded in Deed Book 71, page 512;" that "thereafter by quitclaim deed dated March 7, 1938, recorded in Deed Book 77, page 535, the said Lucille Moore and C. B. Moore sold and conveyed said lands to Fred Walker"; that "said Fred Walker on to-wit March 7, 1938, entered into exclusive, open, notorious, hostile and adverse possession of said lands, and continued to hold the same in exclusive, open, notorious, hostile and adverse possession as against the heirs of Lynn McGhee in particular, all persons in general, until the time of his death"; that "since the death of the said Fred Walker, his widow Lula Walker and his heirs, * * * have continuously held said lands in open, notorious, exclusive, hostile and adverse possession from the date of the said Fred Walker's death to the date of filing of this bill of complaint" (on December 29, 1954); that "Fred Walker during his life subsequent to March 7, 1938, and his heirs since his death have annually assessed the lands for taxation and paid the taxes thereon."

There is an averment that said lands cannot be fairly and equitably divided or partitioned among the said joint owners without a sale. The prayer is that the lands be sold for division among the said joint owners, subject to the rights of the widow. This appeal is brought by some of the respondents (presumably the heirs of Lynn McGhee, other than the children of Fred Walker, since there appears to be no controversy among the eleven children and widow of Fred Walker as to title to the land and sale thereof for division) from a decree granting the relief prayed for.

We have spent considerable time in reading the record and appellants' brief in an effort to ascertain just what it is they rely on for reversal. Our effort has not been too rewarding. Their brief by no means meets the requirements of the rule prescribing the manner of preparing appellants' briefs. Rule 9 [former Rule 10] of the Revised Rules of Practice in the Supreme Court, effective June 1, 1955, 261 Ala. XIX, XXII, Code 1940, Tit. 7 Appendix, 1955 Cum. Pocket Part, pp. 219–222.

■ The so-called "points of law" are so jumbled as to make them well-nigh impossible of separation and application to any of the eighteen assignments of error. Nor is the "argument" of any real help in guiding us to the points on which appellants seek a review here. Rule 9 provides that "appellant's brief under separate headings shall contain: * * * (d) argument with respect to errors assigned which counsel desire to insist upon." It also provides that "assignments of error not substantially argued in brief will be deemed waived and will not be considered by the court." The 8-page argument, like the "points of law", consists almost entirely of quotations from authorities written in a continuous fashion without separation or paragraphing and without reference to any point of law or error relied on for reversal. In Suits v. Glover, 260 Ala. 449, 450, 71 So.2d 49, 50, 43 A.L.R.2d 465, this court said:

"And the brief is insufficient which makes some general propositions but which fails to make specific application to the ruling assigned as error, as the Court cannot be put to a search for error not specifically assigned and argued in brief. Schneider v. Southern Cotton Oil Co., 204 Ala. 614, 87 So. 97."

■ It is always with reluctance that this court finds it necessary to invoke the requirements of Rule 9: As said in City of Montgomery v. Mott, 266 Ala. 422, 424, 96 So.2d 766, 769:

"* * * We have condoned noncompliance with the rule in question when the record is short and simple and when a strict compliance with the rule is not essential to an understanding of the assignments of error which are argued in appellant's brief. Kendall Alabama Co. v. City of Fort Payne, 262 Ala. 465, 79 So.2d 801; Wood v. Wood, 263 Ala. 384, 82 So.2d 556, and cases cited."

The record consists of 109 pages with considerable testimony taken both by deposition and orally before the trial court. We are unable to condone noncompliance with the rule in this case, except as indicated below.

■■ Contained in appellants' brief are three pages designated "In Summary". It is only from this portion of the brief that we get any real indication of the issue sought to be reviewed. From this portion we gather appellants' insistence to be that since Fred Walker and his children are heirs of Lynn McGhee, their possession of the land was as tenants in common with all the other heirs of Lynn McGhee and that such possession was not adverse to said other heirs. If this is the question presented it is our view that it is without merit. We have held that "the possession of a cotenant may be so open and notorious in its hostility and exclusiveness as to put the other tenants on notice" thus permitting one cotenant to acquire title by adverse posses-

**524**

sion as against the other cotenants. Ratliff v. Ratliff, 234 Ala. 320, 323, 175 So. 259; Lindsey v. Atkison, 250 Ala. 481, 483, 35 So.2d 191. In this connection, see Code 1940, Tit. 51, § 295; Code 1940, Tit. 7, § 828. Although appellants have not included in their brief, as required by Rule 9, "a condensed recital of the evidence given by each witness in narrative form" bearing on the question whether the possession of Fred Walker and his heirs was adverse to the other cotenants (if such they be), from an examination of the record there appears to be ample evidence supporting the trial court's conclusion that there was an adverse holding for the prescribed period.

The decree appealed from is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.