159 So.2d 851

**Ruth C. HUDSON**

v.

**COTTON STATES LIFE INSURANCE CO., Inc.**

**Kermit W. HUDSON**

v.

**COTTON STATES LIFE INSURANCE CO., Inc.**

**6 Div. 905, 905–A, 905–B.**

Supreme Court of Alabama.

Jan. 16, 1964.

G. H. Downing, Vernon, for appellant Ruth C. Hudson.

Morris A. Burkett, Montgomery, for appellant Kermit W. Hudson.

Clement, Rosen, Hubbard & Waldrop, Tuscaloosa, for appellee Cotton States Life Ins. Co., Inc.

SIMPSON, Justice.

As best as we can determine from the assorted documents and briefs filed in these cases, none of which seem to present the issues with clarity, there are three appeals involved growing out of the following litigation. One record was filed which consists of more than 700 pages of testimony, exhibits, pleadings, etc. But the briefs do not set forth in an orderly, concise fashion

the gist of the record in order to aid the Court in its consideration of the cases.

It appears that the first appeal is prosecuted by Ruth C. Hudson, who initiated the proceedings below, from a decree entered by the Circuit Court of Fayette County, in Equity, on the 21st day of June, 1962, as amended on June 28, 1962. A suit was initially brought by this appellant against Cotton States Life Insurance Company and sought to enjoin foreclosure of a mortgage executed by her on December 31, 1956. Subsequently, by amendment, Mrs. Hudson added as a party respondent to the original bill her husband, Kermit W. Hudson. Mr. Hudson joined with her in the execution of the mortgage and endorsed the note evidencing the indebtedness secured by the mortgage. Cotton States Life Insurance Company filed an answer to the Bill of Complaint as last amended praying that the same be treated as a cross-bill to foreclose the mortgage. Mr. Hudson filed a cross-bill against Cotton States Life Insurance Company seeking to recover certain alleged indebtednesses claimed due him by Cotton States. He also sought cancellation of the mortgage and a permanent injunction against its foreclosure. Cotton States filed its answer to the cross-complaint of Mr. Hudson.

After a trial was held and much testimony offered by all parties, the court entered a decree which adjudicated all aspects of the case and determined that Mr. and Mrs. Hudson were jointly indebted to Cotton States in the sum of $10,424.16, and that Kermit W. Hudson was separately indebted to Cotton States in the additional sum of $11,249.86, and further that Mr. Hudson was not entitled to recover on the various claims that he asserted in his cross-bill against Cotton States. The decree provided for the foreclosure of the mortgage by public sale, and provided as to the method and manner of sale and the application of the proceeds of the various groups of property to be sold.

On August 10, Mrs. Hudson gave notice of appeal. It is now contended that this appeal, which does not involve Mr. Hudson, is brought under Title 7, § 799 and that the appeal brought by Mr. Hudson is from that portion of the decree which concerns him alone and is brought under Title 7, §§ 754, 788, 792, and 793 "and those sections relating to appeals under the general appeal statute". The second appeal by Mr. Hudson (6 Div. 905–B) is said to be from a decree of the trial court which set aside the order for the sale of the lands involved pending the outcome of these appeals. Mr. Hudson asserts that he is appealing from that portion of the order which states: "It is further ordered that this case be held open for further decree should law and justice require, and in so far as may be permissible and equitable pending said appeal". A concerted effort by this Court has failed to enlighten us as to just what Mr. Hudson finds objectionable about this latter order of the court.

Numerous assignments of error are made, most of which are too general for consideration and most of which are not argued in brief by either appellant in either appeal, and hence will not be treated in this opinion. Chatom State Bank v. Ferguson, 274 Ala. 42, 145 So.2d 206; McGhee v. Walker, 268 Ala. 521, 108 So.2d 433.

The briefs submitted by each appellant are identical in the statement of the case, and each begins with the announcement that there are "four aspects of the case for consideration by the Supreme Court". The only "aspect" which is made entirely clear by either appellant in any brief is dissatisfaction with the outcome of the litigation involved.

We shall attempt, however, to deal with each so-called "aspect" of which appellants complain.

"Aspect" number one as listed in each appellant's statement of the case is to the effect that the decree appealed from "is void since the Circuit Court of Fayette County, in Equity, had no jurisdiction to render a valid decree for that the Circuit

Court of Montgomery County has jurisdiction of the cause".

The only reference to this contention is made in the identical statements of the case as contained in the briefs of each appellant. No ruling of the court is assigned as error dealing with this contention and in fact no assignment of error is made touching on such contention. It is not argued in either brief and no cases are cited in support of the contention. This Court cannot take it upon itself to examine the case alluded to as pending in the Circuit Court of Montgomery County, Alabama, and since neither party has seen fit to assign error or argue this "aspect" we deem it to have been waived. Suits v. Glover, 260 Ala. 449, 71 So.2d 49, 43 A.L.R.2d 465.

Appellants next insist (and this is the "aspect" most strenuously argued by each) that "there is an 'involuntary discontinuance' " in that the Bill of Complaint of Ruth C. Hudson (as originally filed) was secretly amended by adding words in pencil to Exhibit "A" of the Bill of Complaint, which words are "add acknowledgment" and followed by an acknowledgment.

As we understand it, complainant's Exhibit "A" attached to the Bill of Complaint and made a part thereof, was and is a copy of the mortgage which Cotton States seeks to foreclose and which foreclosure appellants seek to enjoin. It is the contention of Ruth C. Hudson in brief that this exhibit has been amended after submission of the cause and prior to final decree, by adding to the copy of the mortgage attached to the bill, the usual form of acknowledgment, which appellant insists was not on the copy as initially attached. Appellant filed in the trial court a motion to strike the acknowledgment from the record. Upon hearing held on this motion the court saw fit to deny it. The evidence in the case before us shows that the appellant, Ruth C. Hudson, testifying on direct examination by her counsel identified her signature on the mortgage and stated that her acknowledgment had been taken at the time of signing the mortgage by Mr. Gordon Rosen, a Notary Public. The record indicates that it was the original instrument about which the appellant was then testifying. The copy which was substituted and marked complainant's Exhibit "A" evidently contained no acknowledgment. The evidence further shows that the Notary Public before whom both appellants signed the mortgage testified that he took the acknowledgment of both mortgagors. We fail to see, therefore, that the court erred in denying the motion to strike the aforesaid acknowledgment. It is true that deeds and mortgages must be witnessed or acknowledged before an appropriate officer, but the question of whether or not this particular mortgage was acknowledged is purely one of fact and the record indicates without contradiction that the original was in fact executed before a Notary Public. The failure of the copy substituted for the original during the course of the trial to contain the acknowledgment would not vitiate the whole transaction.

The other contentions made by appellants are to the effect that the decree is in error, and numerous assignments of error not argued in briefs are made to the general effect that the evidence does not support the decree.

Appellant Ruth C. Hudson in brief asserts that the decree has the effect of divesting her of her lands and that she in fact received no stock from Cotton States; that she received no cash from Cotton States, and in fact that she received nothing. However, at other places in brief, appellant criticizes appellee's counsel for his failure to inform her specifically at the time of the transaction that she was giving about $64,000.00 worth of collateral for $10,000.00 worth of stock at the time the mortgage was signed.

In any event, the trial court allowed each party to this litigation to introduce evidence and testimony without restriction. The case involves a very complex arrangement which existed between Mr. Hudson and Cotton States (which Hudson

served as a director during part of the time) involving the sale of stock by Mr. Hudson and the payment to him of various amounts from time to time by Cotton States. The court heard all the testimony and saw the witnesses and determined that appellants were justly indebted to Cotton States at this time in specific amounts and specifically finding, based upon the evidence, that Ruth C. Hudson was jointly indebted to Cotton States in the amount set out above. It is not the province of this court to re-assess the testimony heard ore tenus by the trial court unless that court's findings are palpably erroneous, which we cannot here affirm as so. Hooper v. Fireman's Fund Insurance Company, 272 Ala. 145, 130 So. 2d 3.

 Having found that appellant Ruth C. Hudson was jointly indebted on the mortgage we do not have a situation where the court is holding the wife surety for her husband's debt in contravention of Code, Title 34, § 74. In fact the court specifically excluded the liability of Mrs. Hudson as to that portion of the indebtedness which is the sole debt of her husband. It is not controverted that the wife's lands may be mortgaged to secure the joint debt of the husband and wife. Such mortgages are not void except insofar as they secure the sole debt of the husband. Sansom v. Sturkie, 245 Ala. 514, 18 So.2d 267.

Other arguments are made by each appellant. However, we have considered each argument which may be construed as bearing upon an assigned error. Many of the errors assigned are mere arguments themselves and do not relate to any action of the trial court. As well as we are able to interpret the lengthy documents of various types filed in these cases by these appellants, they are primarily concerned with the trial court's factual findings. As we have pointed out, we should not disturb its findings of fact on appeal unless they are palpably wrong, which we cannot say is so. It was in a far better position to make a determination than are we of the conflicting

testimony and we must be content to let its findings stand affirmed.

Under the view we take of this case it is not necessary to consider appellee's motion to dismiss the two appeals taken by appellant Kermit Hudson.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.