The plaintiff, Daryl E. O'Barr, appeals from a summary judgment entered in favor of the defendants, Wayne Oberlander, Michael Goggans, and Howard Babb ("the purchasers"). Our supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975. We reverse and remand.
The parties dispute the ownership of certain real property located in DeKalb County ("the real estate") that was formerly owned by Sheila Jacks. On June 19, 1989, Jacks executed a mortgage on the real estate to SouthTrust Bank. On May 1, 1990, the DeKalb County tax collector sold the real estate to the State of Alabama for delinquent taxes. On July 23, 1991, SouthTrust Bank assigned the mortgage to the Small Business Administration ("SBA"). On October 21, 1993, the SBA foreclosed on the mortgage and sold the real estate to the purchasers at a foreclosure sale for $20,000. The SBA executed a foreclosure deed to the purchasers on October 25, 1993. In the meantime, however, Jacks had executed to O'Barr an $11,250 note, secured by a mortgage on the real estate, on August 4, 1992. Her signature was notarized on October 20, 1993, and the mortgage was recorded on October 21, 1993. On November 16, 1993, the purchasers redeemed the real estate for taxes at the DeKalb County tax collector's office. On August 8, 1994, O'Barr sued the purchasers, seeking to redeem the real estate and to determine the amount required for redemption.
The purchasers moved for a summary judgment. They argued that O'Barr's mortgage was invalid because the real estate had been sold for taxes before Jacks executed the mortgage to O'Barr, and, therefore, she had no interest in the real estate when she executed the mortgage. Among the items of documentation supporting the purchasers' motion was a certified copy of the DeKalb County tax docket, which recites that the real estate was sold to the state for taxes on May 1, 1990. O'Barr responded to the motion, arguing that Jacks had a statutory right of redemption after the real estate was sold for taxes, and that she conveyed that right of redemption to O'Barr. On March 29, 1995, the trial court entered a partial summary judgment. The court held that the mortgage from Jacks to O'Barr did not entitle O'Barr to redeem the real estate if the tax sale on May 1, 1990, was valid.
The purchasers again moved for a summary judgment. They maintained that the tax sale was valid, and submitted copies of the notice of delinquency addressed to Jacks, *Page 263 
the envelope that indicated the Postal Service's attempts to serve Jacks, and a copy of a local newspaper dated March 31-April 1, 1990, in which the notice of the tax sale was published. O'Barr responded by filing a "motion to reconsider or, in the alternative to alter, vacate or amend." In his motion, O'Barr contended that the purchasers' summary judgment motion failed to present adequate evidence to allow the court to find that the tax sale was valid. He did not further discuss the validity of the tax sale in his supporting brief, however. On July 7, 1995, the trial court entered a summary judgment in favor of the purchasers. The court held that the tax sale was valid and constituted a conveyance of title, and it denied O'Barr's post-judgment motion.
O'Barr argues that the tax sale was invalid because, he says, the tax collector failed to comply with the statutory requirements necessary to perfect a tax sale. O'Barr contends that Jacks was not properly served with the notice of delinquency, that the notice of sale was not properly published, and that the tax collector's report was not held for the requisite number of days. The purchasers do not directly address O'Barr's arguments, but, instead, argue that their motion for a summary judgment was uncontradicted because O'Barr did not oppose it by presenting evidence to establish the existence of a genuine issue of material fact.
Our standard for reviewing a summary judgment is well settled. A summary judgment is proper if there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. The movant has the burden to make a prima facie showing that no genuine issue of material fact exists and that it is entitled to a judgment as a matter of law. Long v. Jefferson County, 623 So.2d 1130
(Ala. 1993). The burden to present evidence that will establish a genuine issue of material fact does not shift to the nonmovant unless the movant satisfies its burden by making a prima facie showing that there is no issue of material fact.Dynasty Corp. v. Alpha Resins Corp., 577 So.2d 1278 (Ala. 1991). In deciding whether there is a genuine issue of material fact, we view the evidence in the light most favorable to the nonmovant and resolve all reasonable doubts against the movant.Long, 623 So.2d at 1132. The applicable standard of review is the "substantial evidence" rule. § 12-21-12, Ala. Code 1975. "Substantial evidence" is defined as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co.of Florida, 547 So.2d 870, 871 (Ala. 1989).
We first address the purchasers' argument that O'Barr failed to respond to their motion for a summary judgment. After reviewing the evidence submitted by the purchasers, we conclude that they did not meet their burden of establishing prima facie that no genuine issue of material fact existed regarding the validity of the tax sale. On the contrary, the evidence clearly indicates that the tax sale was not valid. The burden never shifted to O'Barr, therefore, to submit evidence in opposition.
We now turn to O'Barr's contentions regarding the validity of the tax sale. According to the evidence submitted by the purchasers, the tax sale failed to meet statutory requirements in three ways.
Section 40-10-4, Ala. Code 1975, requires that a delinquent tax notice be served on a person against whom any unpaid taxes are assessed. The notice may be served by the tax collector or a deputy by handing a copy to the taxpayer, or to his or her agent; by leaving a copy at the taxpayer's residence or place of business, or at that of his or her agent; or by sending a copy to the taxpayer by certified or registered mail, postage prepaid, with delivery restricted to the addressee and a return receipt demanded. The tax collector or deputy is required to show how and when the notice was served or to show his or her reason for not serving the notice, and "it must be by the collector or his deputy returned into court on or before the first day of the next term thereof." (Emphasis added.)
Service was attempted on Jacks by certified mail. The copy of the certified mail *Page 264 
envelope submitted by the purchasers shows a date on the claim check stub of February 26, 1990, and indicates that Jacks was given notice of the Postal Service's attempts to deliver the envelope to her on March 3 and on March 13. The delinquent tax notice required Jacks to appear before the tax collector on March 5, 1990. Although the envelope indicates that the notice was eventually returned to the tax collector marked "unclaimed," it clearly had not been returned by the time of the hearing on March 5, and thus, there was no return on service "on or before the first day" of the court term, as required by § 40-10-4.
Our supreme court discussed the requirement of notice as a jurisdictional prerequisite to a tax sale in Carlisle v. Watts,78 Ala. 486 (1885).
 "The design of the statute is to provide a judicial sale of lands for delinquent taxes, having in view the protection of the taxpayer, by affording him an opportunity to be heard before being deprived of his property. . . . But [the power of the probate judge or tax collector to sell property for taxes is] limited and statutory, and on established principle, to sustain the judgment of the court, the record must affirmatively show the facts essential to the exercise of the jurisdiction. Jurisdiction of both the subject-matter and the person is requisite.
 ". . . Service of notice, as required by the statute, is preliminary and essential to jurisdiction of the person."
78 Ala. at 486-87 (citations omitted).
Section 40-10-12, Ala. Code 1975, authorizes the tax collector to enforce an order for the sale of real estate for the payment of taxes. However, the statute requires that before a sale is accomplished, the tax collector must "give notice for 30 days before the day of sale, by publication for three successive weeks in some newspaper published in the county" or by posting a notice at the county courthouse at least three weeks before the day of the sale. The purchasers submitted to the court a copy of a notice published in a DeKalb County newspaper in the Saturday/Sunday edition for March 31-April 1, 1990. There is no evidence that the sale was published at any other time.
In Morris v. Mouchette, 240 Ala. 349, 199 So. 516 (1940), our supreme court examined the validity of a tax sale conducted on July 2, 1931, after the tax sale notice had been published in a newspaper on June 11, 18, and 25 only. The court stated:
 "This does not meet the requirements of the statute regarding the thirty days' notice, lacking more than a week in that respect. In [Johnson v. Harper, 107 Ala. 706, 18 So. 198 (1895)], the court held that to perfect a valid sale, the land shall have been advertised as required by the statute. And attention was therein directed to Clarke v. Rowan et al., 53 Ala. 400, where the holding was that the lands shall have been advertised for the time prescribed and that a disregard of the statutory requirements rendered the sale void. Under those authorities therefore, we conclude that the tax sale was invalid."
Morris, 240 Ala. at 350, 199 So. at 517 (citations omitted).
Section 40-10-13, Ala. Code 1975, requires the tax collector to make a report of all tax sales to the court for confirmation. Before the sale is confirmed, however, the statute requires that the "report shall lie over for a period of five days for exceptions or objections thereto." The copy of the delinquent tax docket submitted by the purchasers shows that both the tax collector's report and the confirmation of the sale are dated May 1, 1990. The docket shows on its face the tax collector's failure to comply with the provisions of § 40-10-13.
After reviewing both the evidence submitted by the purchasers and the applicable law, we conclude that the tax sale was invalid and that the summary judgment in favor of the purchasers on the basis of a valid tax deed to the state was erroneous. The judgment is due to be, and it is hereby, reversed, and the cause is remanded for further proceedings.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active *Page 265 
duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.