BRYAN, Justice
(dissenting).
As Justice Shaw aptly notes, this Court granted certiorari to review whether Christopher Okafor had Fourth Amendment “standing” to challenge the search conducted in the house.[4] However, the Court of Civil Appeals did not base its judgment on the issue of Fourth Amendment standing; rather, that court, in reversing the trial court’s judgment, concluded that there is a genuine, issue of material fact regarding whether Okafor’s Miranda rights had been violated. Because .this Court granted certiorari review on a distinct issue—standing—upon which the lower appellate court did not base its judgment, it appears that standing is not relevant to our review. Thus, I do not believe that we may conclude, as the main opinion does, that Okafor lacked standing to challenge the search. Insofar as it may be argued that the.issue of standing is relevant, I offer the following reasons why we should not reverse the Court of Civil Appeals’ judgment.
First, I note that, unlike other contexts in which the term “standing”- is sometimes used, Fourth Amendment “standing” to challenge a search is n.ot a jurisdictional issue. In Rakas v. Illinois, 439 U.S. 128, 140, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), the United States Supreme Court explained that point: “[T]his Court’s long history of insistence that Fourth Amendment rights are personal in nature has already answe'red many of these traditional standing inquiries, and we think that definition of those rights is more properly placed within the purview of substantive Fourth Amendment law than within that of standing.” The Tenth Circuit Court of Appeals has succinctly explained the point in tyro cases:
“The district court and the parties refer to this principle^ Le., that one may only claim the benefits of the exclusionary rule if his or her own Fourth Amendment rights have been violated,] as Fourth Amendment ‘standing.’ ”
United States v. Johnson, 584 F.3d 1256, 995, 999 n. 2 (10th Cir.2009).
“This principle is often called Fourth Amendment ‘standing,’ but that is a misnomer. See United States v. Smith, 531 F.3d 1261, 1266 n. 2 (10th Cir.2008). Mr. Jarvi unquestionably has ‘standing’ (in a jurisdictional sense) to challenge the legality of his detention and the search of his home; the question before us is a substantive one of whether his Fourth Amendment rights have been violated. See Rakas v. Illinois, 439 U.S. 128, 140, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).”
United States v. Jarvi, 537 F.3d 1256, 1259 n. 2 (10th Cir.2008). See also Minnesota v. Carter, 525 U.S. 83, 119 S.Ct. 469, 142 L.Ed.2d 373 (1998) (reaffirming the Supreme Court’s approach in Rakas); and *101 United States v. Dyer, 580 F.3d 386, 390 (6th Cir.2009) (stating that “ ‘[standing to challenge a search or seizure is a matter of substantive Fourth Amendment law'” rather than a jurisdictional question (quoting United States v. Huggins, 299 F.3d 1039, 1050 n. 15 (9th Cir. 2002))).
Typically, the term “standing” implicates subject-matter jurisdiction, which is an issue that may be raised at any point in the proceeding. However, as explained above, Fourth Améndment standing is not that type of standing. Thus, whether this Court or the Court of Civil Appeals may consider Fourth Amendment standing in any given case depends on the procedural history of the case.[5] Based on the procedural history here, I do not believe that this Court may decide this case in favor of the State based on the issue of standing.
The record on appeal does not indicate that the State, in moving for a summary judgment, argued that Okafor lacked Fourth Amendment standing. As the main opinion notes, Okafor had the burden of proving at trial that he had standing. However, because standing here is not an issue of subject-matter jurisdiction, the State had the burden of production in moving for a summary judgment. As this Court has explained:
“ ‘If the burden of proof at trial is on the nonmovant, [i.e„ Okafor], the movant[, i.e., the State,] .may satisfy the Rule 56[, Ala. R. Civ. P.,] burden of production either by submitting affirmative evidence that negates an essential element in the nonmovant’s claim or, assuming discovery has been completed, by demonstrating to the trial court that the nonmovant’s evidence is insufficient to establish an essential element o.f the nonmovant’s claim ....’”
Ex parte General Motors Corp., 769 So.2d 903, 909 (Ala.1999) (quoting Berner v. Caldwell, 543 So.2d 686, 691 (Ala.1989) (Houston, J., concurring specially) (emphasis omitted)). Here, the State evidently never asserted lack of standing as a ground for summary judgment, never marshaled evidence in support of such an assertion, and never demonstrated that Oka-for’s evidence of standing was insufficient. The text of the summary-judgment motion contained in the record reads, in its entirety:
“COMES NOW the [State] and respectfully moves this Court to enter, pursuant to Rule 56 of the Alabama Rules of Civil Procedure, a summary judgment in [the State’s] favor for the forfeiture of the property described in the complaint and for grounds of this motion says that there are no genuine issues of material fact and that the [State] is entitled to a judgment as a matter of law.
“This is an asset forfeiture case concerning certain property seized from Christopher Okafor. The motion is based upon the pleadings and the attached affidavit of Inv. Matt Thornbury.”
Regarding the issue of Okafor’s alleged lack of standing, the State failed to satisfy its burden of production in moving for a summary judgment. That is, the . State failed to shift the summary-judgment burden of production to Okafor on that particular issue. See Denmark v. Mercantile *102 Stores Co., 844 So.2d 1189, 1193 (Ala.2002) (‘“The burden to present evidence that will establish a genuine issue of material fact does not shift to the nonmovant unless the movant [first] satisfies its burden.’” (quoting O’Barr v. Oberlander, 679 So.2d 261, 263 (Ala.Civ.App.1996))). This is a crucial point given that the State now argues that the trial court’s judgment is correct based on a lack of standing.
In reversing the judgment of the Court of Civil Appeals, which reversed the trial court’s summary judgment, the main opinion essentially affirms the summary judgment in favor of the State. Typically, an appellate court may affirm a trial court’s judgment on any ground; however, an appellate court may not do so where due-process considerations required certain notice at the trial level, and that is the case here. Liberty Nat’l Life Ins. v. University of Alabama Health Servs. Found., P.C., 881 So.2d 1013, 1020 (Ala.2003). An appellate court may not affirm a summary judgment where a summary-judgment movant has failed to shift the burden of production to the nonmovant. Id. Therefore, we cannot affirm (indirectly) the trial court’s summary judgment in favor of the State on the ground that Okafor lacked Fourth Amendment standing. Because the record does not indicate that the State shifted the burden of production in the summary-judgment proceedings, the Court of Civil Appeals correctly disregarded (implicitly) the State’s somewhat muted argument on appeal that the summary judgment should be affirmed for a lack of standing. I do not believe we may reverse the Court of Civil Appeals’ judgment on the basis of standing.
Further, even assuming, for the sake of argument, that the merits of the standing issue are properly before us, there is a genuine issue of material fact regarding whether Okafor had standing, La, a legitimate expectation of privacy in the house. Although Okafor denied that he lived in the house when the search occurred, Shanna Hereford testified by affidavit that at the time of the search Okafor actually resided with her and their children in the house. Further, the fact that Okafor knew that marijuana was hidden packaged in a box in the back of a closet suggests a possessory interest in the house that may imply a legitimate expectation of privacy.
Based on the foregoing, I respectfully dissent.

. For the sake of convenience, I will sometimes refer to the principle known as Fourth Amendment standing as simply "standing.”

. Because Fourth Amendment standing is not a jurisdictional issue, it may be waived. See, e.g., United States v. Washington, 380 F.3d 236, 240 n. 3 (6th Cir.2004) (“ 'Standing to challenge a search or seizure is a matter of substantive Fourth Amendment law rather than of Article III jurisdiction, meaning that the government can waive the standing defense by not asserting it.'" (quoting United States v. Huggins, 299 F.3d 1039, 1050 n. 15 (9th Cir.2002))); United States v. Dewitt, 946 F.2d 1497, 1499-1500 (10th Cir. 1991) ("fflhe issue of [Fjourth [Ajmendment standing could be waived if the government has failed to raise it in a timely fashion during the litigation.” (quotation marks omitted)).